**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
SALISBURY DIVISION
Case No: 1:24-CV-00221**

| | |
|---|---|
| CRAIG CUNNINGHAM,<br><br>*Plaintiff*,<br><br>v.<br><br>WALLACE & GRAHAM, P.C., MONA LISA WALLACE, BILL GRAHAM, WHITNEY WALLACE WILLIAMS, MARK P. DOBY, RHINE LAW FIRM, P.C., JOEL R. RHINE, SOKOLOVE LAW, LLC, AND RICKY A. LEBLANC,<br><br>*Defendants*. | **DEFENDANT SOKOLOVE LAW'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant Sokolove Law, LLC,[1] ("Sokolove Law") responds to Plaintiff's Complaint as follows:

## I.     INTRODUCTION

1.     The allegations in Paragraph 1 state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

2.     The allegations in Paragraph 2 state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

---

[1] Defendant Ricky A. LeBlanc has not been served in this matter and, by special appearance, has moved to dismiss Plaintiff's Complaint under Federal Rules of Civil Procedure 12(b)(2), (5), and (6). All of the Defendants filed a Motion to Dismiss contemporaneously with Sokolove Law's Answer.

3.　　　In response to the allegations in Paragraph 3, Sokolove Law admits Plaintiff brings an action against Sokolove Law for alleged violations of the Telephone Consumer Protection Act ("TCPA") and for alleged violations under North Carolina law. Sokolove Law denies Plaintiff's allegations, denies that Sokolove Law committed any legal violation, and denies that Plaintiff is entitled to any recovery under any theory whatsoever.　Sokolove Law denies any remaining allegations in Paragraph 3.

## II.　　PARTIES

4.　　　Sokolove Law is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4, and therefore denies them.

5.　　　Sokolove Law admits that Defendant Wallace & Graham, P.A. is a Salisbury, North Carolina based law firm. Sokolove Law denies the remaining allegations contained in Paragraph 5.

6.　　　Sokolove Law admits that Defendants Mona Lisa Wallace, Bill Graham, Whitney Wallace Williams, and Mark P. Doby are residents of North Carolina. Sokolove Law denies the remaining allegations contained in Paragraph 6.

7.　　　Sokolove Law admits that Rhine Law Firm, P.C. is a Wilmington, North Carolina based law firm that practices nationally, including Camp Lejeune Mass Tort Litigation. Sokolove Law denies the remaining allegations contained in Paragraph 7.

8.　　　Sokolove Law admits that Joel R. Rhine is a resident of North Carolina and signed a proposed retained agreement for Defendant Rhine Law Firm, P.C. Sokolove Law denies the remaining allegations in Paragraph 8.

9.　　　Sokolove Law admits that it is a Delaware based law firm that practices nationally, including Camp Lejeune Mass Tort Litigation. Sokolove Law admits it has offices in multiple

states, including an office in Wilmington, North Carolina. Answering further, Sokolove Law's principal place of business is in Massachusetts. Sokolove Law denies the remaining allegations in Paragraph 9.

10.    Sokolove Law admits that Ricky A. LeBlanc is a resident of Massachusetts. Sokolove Law denies the remaining allegations of Paragraph 10.  Answering further, Sokolove Law states that this Court cannot exercise personal jurisdiction over Mr. LeBlanc.

### III.    JURISDICTION AND VENUE

11.    The allegations in Paragraph 11 state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

12.    The allegations in Paragraph 12 state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

### IV.    FACTS

#### A.    Calls Made Using an ATDS[2]

13.    The allegations in Paragraph 13 state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

14.    The allegations in Paragraph 14 state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

15.    The allegations in Paragraph 15 state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

#### B.    The TCPA's Implementing Regulations

16.    The allegations in Paragraph 16 state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

---

[2] Sokolove Law denies the allegation in this heading.

3

17.     The allegations in Paragraph 17 state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

**C.     North Carolina's Telephone Solicitation Act**

18.     The allegations in Paragraph 18 state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

19.     The allegations in Paragraph 19 state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

20.     The allegations in Paragraph 20 state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

**D.     Unsolicited Telemarketing to Plaintiff[3]**

21.     The allegations in Paragraph 21 state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

22.     The allegations in Paragraph 22 state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

23.     Sokolove Law denies the allegations in Paragraph 23. Answering further, Sokolove Law states that a person purporting to be "Craig Smith" provided his telephone number starting in 615 and represented that he was a former member of the United States Marine Corps once stationed at Camp Lejeune. "Craig Smith" consistently expressed interest in Defendants' services and never requested that calls cease. A few months later, a person identifying himself as "Craig Cunningham" called Defendants and threatened suit. The person identifying himself as "Craig Smith" sounds indistinguishable from the person identifying himself as "Craig Cunningham."

---

[3] Sokolove Law denies the allegation in this heading.

24.    Sokolove Law is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24, and therefore denies them.

25.    Sokolove Law denies the allegations in Paragraph 25.  Upon information and belief, Plaintiff is a self-employed litigator who uses his telephone number to generate TCPA claims.

26.    Sokolove Law is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26, and therefore denies them.

27.    Sokolove Law is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27, and therefore denies them.

28.    Sokolove Law denies the allegations in Paragraph 28.  Upon information and belief, Plaintiff is a self-employed litigator who uses his telephone number to generate TCPA claims.

29.    Sokolove Law denies the allegations contained in Paragraph 29.

30.    Sokolove Law denies the allegations contained in Paragraph 30. Answering further, Sokolove Law states that every contact between Plaintiff and Sokolove Law was in furtherance of a business relationship investigating "Craig Smith's" potential claim related to Camp Lejeune.

31.    Sokolove Law denies the allegations contained in Paragraph 31.

32.    Sokolove Law denies the allegations contained in Paragraph 32.

33.    Sokolove Law denies the allegations contained in Paragraph 33.  Answering further, Sokolove Law states that its representatives spoke with "Craig Smith" on numerous occasions in response to "Craig Smith's" interest in pursuing a Camp Lejeune claim.  In each of these calls, the representative informed "Mr. Smith" that the call was recorded.  These calls included:

5

- On October 2, 2023, when a Sokolove Law representative called "Craig Smith," immediately identified herself, and noted that she was calling from Sokolove Law. The individual who answered did not deny that he was indeed Craig Smith. During the call, "Craig Smith" again stated that he lived at Camp Lejeune between 1976 and 1978, that he was enlisted in the U.S. Marines, and was later diagnosed with liver cancer. "Craig Smith" confirmed his e-mail address and stated his date of birth was August 6, 1960. He further confirmed that he received an email from Sokolove during the call that contained paperwork regarding his claim. At no point did "Craig Smith" request not to receive further calls from Sokolove Law. A true and accurate transcription of the recording of the October 2, 2023 call is attached hereto as **Exhibit A**.

- On October 5, 2023, when a Sokolove Law representative called "Craig Smith," immediately identified herself, and noted that she was calling from Sokolove Law. The individual who answered did not deny that he was indeed Craig Smith. During the call, "Craig Smith" again stated that he was interested in pursuing a Camp Lejeune claim, that he lived at Camp Lejeune between 1976 and 1978, that he was diagnosed with liver cancer, and again confirmed the same address that Plaintiff has provided in one of his many *pro se* suits.[4] The representative transferred "Craig Smith" to another Sokolove representative, who asked "Craig Smith" additional questions about his claim. At no point did "Craig Smith" request not to receive further calls from Sokolove Law. A true and accurate transcription of the recording of the October 5, 2023 call is attached hereto as **Exhibit B**.[5]

---

[4] *See, e.g., Cunningham v. Telemarkerters*, 5:23-mc-00027-RJ (E.D.N.C.); *Cunningham v. Affordable Auto Protection, LLC, et al.*, No. 3:23-cv-00238-FDW (W.D.N.C.).

[5] This recording includes two Sokolove representatives, Amanda and Tia.

- On October 9, 2023, when a Sokolove Law representative called "Craig Smith," immediately identified herself, and noted that she was calling from Sokolove Law. The individual who answered did not deny that he was indeed Craig Smith. During the call, the Sokolove representative requested to speak with "Craig Smith" regarding additional information related to his Camp Lejeune claim. "Craig Smith" stated that he would give the representative a call back. At no point did "Craig Smith" request not to receive further calls from Sokolove Law. A true and accurate transcription of the recording of the October 9, 2023 call is attached hereto as **Exhibit C**.

- On October 27, 2023, when a Sokolove Law representative called "Craig Smith," immediately identified herself, and noted that she was calling from Sokolove Law. The individual who answered did not deny that he was indeed "Craig Smith." During the call, "Craig Smith" said that he was referred to Sokolove Law "by another firm" and asked for information about his claim and how Sokolove Law obtained his information. The Sokolove Law representative confirmed that "the only way that [Sokolove] get[s] the information is if you provide it to us," and confirmed that, if Sokolove Law called "Craig Smith," it was in response to information that he provided either over the phone or on a website, information which Mr. Smith confirmed on an intake call.

  At no point did "Craig Smith" request not to receive further calls from Sokolove Law. In fact, "Craig Smith" affirmatively agreed to continue the intake process. A true and accurate transcription of the recording of the October 27, 2023 call is attached hereto as **Exhibit D**.

- On October 30, 2023, when a Sokolove Law representative called "Craig Smith," immediately identified herself, and noted that she was calling from Sokolove Law. The

7

individual who answered did not deny that he was indeed Craig Smith. The Sokolove representative asked "Craig Smith" whether he had any questions regarding the paperwork and confirmed the documents were sent to the same address that Plaintiff has provided in one of his many *pro se* suits alleging violation of the TCPA.  At no point did "Craig Smith" request not to receive further calls from Sokolove Law.  A true and accurate transcription of the recording of the October 30, 2023 call is attached hereto as **<u>Exhibit E</u>**.

Representatives of Sokolove Law also left a voicemail for "Craig Smith" on October 20, 2023, November 13, 2023, and November 16, 2023.  Plaintiff later called Sokolove Law on January 29, 2024 with purported "questions" about calls he received from Sokolove Law.  During this call, Plaintiff identified himself as Craig Cunningham and admitted that he used a different name during his calls with Sokolove Law:

> Yeah.  It's Craig Cunningham.
>
> CHUCK:
>
> Okay.  It wouldn't be under a different name?
>
> MR. CUNNINGHAM:
>
> It was Craig Smith.
>
> CHUCK:
>
> Okay.  Yeah.  It looks like you contacted us a regarding a potential Camp Lejeune claim.

A true and accurate transcription of Plaintiff's January 29, 2024 call to Sokolove Law is attached hereto as **<u>Exhibit F</u>**.

34.     In response to the allegations in Paragraph 34 of the Complaint, Sokolove Law admits that any calls would have taken place over a wireless telephone network.  Sokolove Law incorporates their denial of the number of calls and text messages alleged by Plaintiff.

35.     Sokolove Law denies the allegations contained in Paragraph 35.

36.     Sokolove Law denies the allegations contained in Paragraph 36 and denies that it is the owner or user of telephone number 786-758-3380. Specifically, Sokolove Law denies that any call from Sokolove Law was unsolicited. As shown in the transcript of the call, "Craig Smith" confirmed his identity, confirmed that he was interested in a Camp Lejeune claim, and never requested not to receive further calls from Sokolove Law.

37.     Sokolove Law denies the allegations contained in Paragraph 37.

38.     Sokolove Law is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38, and therefore denies them.

39.     Sokolove Law is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 39 regarding Plaintiff's association with Camp Lejeune, the United States Marine Corps, or the United States Navy. However, Sokolove Law affirmatively states that "Craig Smith," who appears to be Plaintiff, represented on a number of occasions that he was a servicemember and had been stationed at Camp Lejeune. *See* Exs. A and B. Sokolove Law denies any remaining allegations in Paragraph 39.

40.     To the extent Paragraph 40 contains allegations regarding other lawsuits Plaintiff has filed related to Camp Lejeune calls, those lawsuits are public records and speak for themselves. Sokolove Law otherwise denies the remaining allegations in Paragraph 40. Further, Sokolove Law affirmatively states that Plaintiff provided the name "Craig Smith" when he spoke with Sokolove Law's representatives. *See* Exs. A, B, C, D, E. As a result, Sokolove Law was not on notice of any pending litigation related to other purported calls to "Craig Smith." Sokolove Law denies any remaining allegations in Paragraph 40.

9

41.     Sokolove Law denies the allegations contained in Paragraph 41 and denies that it had an agent named "Sean Martin."

42.     Sokolove Law denies the allegations contained in Paragraph 42 and denies that any Defendant or any agent of Defendants made any promises to Plaintiff guaranteeing any minimum "payout."

43.     Sokolove Law is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 43 regarding Plaintiff's military training, athletic participation, or military service.  Sokolove Law affirmatively states, however, that the individual who identified himself as "Craig Smith" on phone recordings also stated that he served in the Marines and was stationed at Camp Lejeune.  *See* Exs. A, B.  Sokolove Law denies any remaining allegations in Paragraph 43.

44.     Sokolove Law denies the allegations contained in Paragraph 44 and further denies that any agent, named "Sean Martin" or otherwise, made any such statement to Plaintiff or "Craig Smith."

45.     Sokolove Law denies the allegations contained in Paragraph 45 and further denies that any agent, named "Sean Martin" or otherwise, made any such representation to Plaintiff or "Craig Smith."

46.     Sokolove Law denies the allegations contained in Paragraph 46, denies that it has control or use of the 786 number alleged in Paragraph 46, and further denies that any Defendant or agent of Defendant would encourage any potential client to lie.  Answering further, the only time that Sokolove Law contacted Plaintiff on October 2, 2023 is reflected in the transcript attached at Exhibit A.

47.     Sokolove Law denies the allegations contained in Paragraph 47, denies that it has control or use of the 301 number alleged in Paragraph 47, and further denies that any paralegal from Sokolove Law ever called Plaintiff or "Craig Smith."  Answering further, the only time that Sokolove Law contacted Plaintiff on October 2, 2023 is reflected in the transcript attached at Exhibit A.

48.     Sokolove Law denies the allegations contained in Paragraph 48, denies that it has control or use of the 786 number alleged in Paragraph 48, and further denies that any Defendant or agent of Defendant would chastise a caller for answers provided.  Answering further, the only time that Sokolove Law contacted Plaintiff on October 2, 2023 is reflected in the transcript attached at Exhibit A.

49.     Sokolove Law denies the allegations contained in Paragraph 49, denies that it has control or use of the 301 number alleged in Paragraph 49, and further denies that any Defendant or agent of Defendant called Plaintiff or "Craig Smith" multiple times on October 2, 2023.  Answering further, the only time that Sokolove Law contacted Plaintiff on October 2, 2023 is reflected in the transcript attached at Exhibit A.

50.     In response to the allegations in Paragraph 50, Sokolove Law admits that it contacted "Craig Smith" at a telephone number beginning in 866.  Sokolove Law further admits that its representative requested and received "Craig Smith's" permission to share his information with Wallace & Graham, who was not involved in the call and was not aware of "Craig Smith's" claim.  Answering further, the transcript attached as Exhibit A confirms that the Sokolove Law representative requested Plaintiff's permission to share his information with Wallace & Graham and Plaintiff provided his permission.  *See* Ex. A at 7-8.

51.     Sokolove Law is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51, and therefore denies them. Answering further, Sokolove Law states that "Craig Smith" represented that he received an email from the Sokolove Law Case Management Team.

52.     In response to the allegations in Paragraph 52, Sokolove Law denies the contract referenced is illegal and further denies that the division of fees alleged is impermissible. Answering further, Sokolove Law denies Plaintiff's allegations regarding the legal implications of the FTCA, which is not at issue in the Camp Lejeune litigation. Sokolove Law denies any further allegations remaining in Paragraph 52 of the Complaint.

53.     Sokolove Law denies the allegations contained in Paragraph 53, denies that it has control or use of the 301 number alleged in Paragraph 53, and denies that any contract referenced is unlawful.  Answering further, the only time that Sokolove Law contacted Plaintiff on October 2, 2023 is reflected in the transcript attached at Exhibit A.

54.     Sokolove Law denies the allegations contained in Paragraph 54, denies that it has control or use of the 786 number alleged in Paragraph 54, and denies that any Defendant made 24 calls to Plaintiff or "Craig Smith."

55.     Sokolove Law denies the allegations contained in Paragraph 55.

56.     Sokolove Law denies the allegations contained in Paragraph 56, denies that it has control or use of the 786 number alleged in Paragraph 56, and further denies that any Defendant or agent of Defendant sent the message depicted in the screenshot inserted in Paragraph 56.

57.     Sokolove Law admits that 855-542-4133 is its number. Sokolove Law denies the remaining allegations contained in Paragraph 57.

58.    Sokolove Law denies the allegations contained in Paragraph 58. Answering further, Sokolove Law incorporates its response to Paragraph 33 of the Complaint, which demonstrates that, in each call from Sokolove Law, the representatives identified themselves and that they were calling from Sokolove Law.

59.    Sokolove Law denies the allegations contained in Paragraph 59. Answering further, Sokolove Law incorporates its response to Paragraph 33 of the Complaint, which demonstrates that, in each call from Sokolove Law, the representatives identified themselves and that they were calling from Sokolove Law.

60.    Sokolove Law denies the allegations contained in Paragraph 60.

61.    Sokolove Law admits that it does not "do robocalls" as alleged in Paragraph 61. Sokolove Law otherwise denies the remaining allegations in Paragraph 61.

62.    Sokolove Law denies the allegations contained in Paragraph 62.

63.    Sokolove Law denies the allegations contained in Paragraph 63 and further denies that it placed calls to Plaintiff or "Craig Smith" at a telephone number registered to a North Carolina consumer. Indeed, Plaintiff does not allege he is a North Carolina consumer, but instead a resident of Texas.

64.    Sokolove Law is without knowledge or information sufficient to form a belief about the truth of the allegations as it cannot verify the veracity of the transcriptions and, therefore, denies the allegations contained in Paragraph 64.

65.    Sokolove Law denies the allegations contained in Paragraph 65 and further denies that any Defendant engages in "Telemarketing Sales."

66.    Sokolove Law is without knowledge or information sufficient to form a belief about the truth of the allegations as directed to another defendant and, therefore denies the allegations contained in Paragraph 66.

67.    Sokolove Law is without knowledge or information sufficient to form a belief about the truth of the allegations as it cannot verify the veracity of the transcriptions and, therefore, denies the allegations contained in Paragraph 67.

68.    Sokolove Law is without knowledge or information sufficient to form a belief about the truth of the allegations as it cannot verify the veracity of the transcriptions and, therefore denies the allegations contained in Paragraph 68.

69.    Sokolove Law is without knowledge or information sufficient to form a belief about the truth of the allegations as it cannot verify the veracity of the transcriptions and, therefore, denies the allegations contained in Paragraph 69.

70.    Sokolove Law denies the allegations contained in Paragraph 70.

71.    The allegations in Paragraph 71 state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

72.    Sokolove Law denies the allegations contained in Paragraph 72.

73.    Sokolove Law is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73, as Sokolove Law does not have control or use of the 786 number alleged in Paragraph 73.

74.    Sokolove Law is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74, as Sokolove Law does not have control or use of the 786 number alleged in Paragraph 74.

14

75. Sokolove Law is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75, as Sokolove Law does not have control or use of the 786 number alleged in Paragraph 75.

76. Sokolove Law is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76, as Sokolove Law does not have control or use of the 786 number alleged in Paragraph 76.

77. Sokolove Law denies the allegations contained in Paragraph 77. Answering further, Sokolove Law incorporates its response to Paragraph 33 of the Complaint, which demonstrates that Plaintiff sought a business relationship with Defendants and never requested not to be contacted.

78. Sokolove Law denies the allegations contained in Paragraph 78. Answering further, Sokolove Law incorporates its response to Paragraph 33 of the Complaint, which demonstrates that Plaintiff sought a business relationship with Defendants and never requested not to be contacted.

79. Sokolove Law denies the allegations contained in Paragraph 79. Answering further, Sokolove Law incorporates its response to Paragraph 33 of the Complaint, which demonstrates that Plaintiff represented that he was stationed at Camp Lejeune in 1976 through 1978 and that his date of birth is August 6, 1960, which would mean he was over 18 years old at the time of the calls he contests in the Complaint.

80. Sokolove Law denies the allegations contained in Paragraph 80. Answering further, Sokolove Law incorporates its response to Paragraph 33 of the Complaint, which demonstrates that Plaintiff sought a business relationship with Defendants and never requested not to be contacted.

15

81.     Sokolove Law denies the allegations contained in Paragraph 81. Answering further, Sokolove Law incorporates its response to Paragraph 33 of the Complaint, which demonstrates that Plaintiff sought a business relationship with Defendants and never requested not to be contacted.

82.     Sokolove Law denies the allegations contained in Paragraph 82. Answering further, Sokolove Law incorporates its response to Paragraph 33 of the Complaint, which demonstrates that Plaintiff sought a business relationship with Defendants and never requested not to be contacted.

**FIRST CAUSE OF ACTION**
**Violation of the TCPA's Prohibition Against Automated Calling**
**With an Automatic Telephone Dialing System (ATDS)**

83.     Sokolove Law realleges and incorporates by reference its responses to Paragraphs 1-82 of the Complaint.

84.     Sokolove Law denies the allegations contained in Paragraph 84.

85.     Sokolove Law denies the allegations contained in Paragraph 85.

86.     Sokolove Law denies the allegations contained in Paragraph 86.

87.     Sokolove Law denies the allegations contained in paragraph 87.

**SECOND CAUSE OF ACTION**
**Violation of the TCPA's Implementing Regulations**
**Codified in 47 C.F.R. § 64.1200(d)**

88.     Sokolove Law realleges and incorporates by reference its responses to Paragraphs 1-87 of the Complaint.

89.     Sokolove Law denies the allegations contained in Paragraph 89.

90.     Sokolove Law denies the allegations contained in Paragraph 90.

91.     Sokolove Law denies the allegations contained in Paragraph 91.

92.     Sokolove Law denies the allegations contained in Paragraph 92

93.     Sokolove Law denies the allegations contained in Paragraph 93.

94.     Sokolove Law denies the allegations contained in Paragraph 94.

### THIRD CAUSE OF ACTION
### Violation of the North Carolina Telephone Solicitation Act

95.     Sokolove Law realleges and incorporates by reference its responses to Paragraphs 1-94 of the Complaint.

96.     Sokolove Law denies the allegations in Paragraph 96.

97.     Sokolove Law denies the allegations in Paragraph 97.

98.     Sokolove Law denies the allegations in Paragraph 98.

99.     Sokolove Law denies the allegations in Paragraph 99.

100.    Sokolove Law denies the allegations in Paragraph 100.

### RESPONSE TO PRAYER FOR RELIEF

Answering the unnumbered "WHEREFORE" Paragraph of the Complaint (including all subparts), Sokolove Law denies that Plaintiff is entitled to any relief under any theory of recovery whatsoever.

Sokolove Law hereby denies any and all allegations in Plaintiff's Complaint that are not expressly admitted herein.

### AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state claim for which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims fail, in whole or in part, to the extent the claims are barred by the doctrines of waiver, estoppel, laches, acquiescence, and/or ratification.

17

## THIRD DEFENSE

Plaintiff's claims fail, in whole or in part, to the extent the claims are barred by unclean hands, bad faith conduct, fraudulent conduct, or dilatory conduct by Plaintiff.

## FOURTH DEFENSE

Plaintiff's claims fail, in whole or in part, because Defendants complied with the TCPA and the NCTSA, acted in accordance with applicable law, and acted with the utmost good faith and for legitimate business reasons at all times relevant to this matter.

## FIFTH DEFENSE

Plaintiff has not plausibly alleged that any Defendant used an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1) and clarified by the Supreme Court in *Facebook v. Duguid*, 592 U.S. 395 (2021).

## SIXTH DEFENSE

The individual Defendants are not liable under the TCPA because Plaintiff has named each individual Defendant's corporation in this action, and the corporate form shields each individual Defendant, absent special circumstances which are not pled here. *See City Select Auto Sales, Inc. v. David Randall Assocs., Inc.*, 885 F.3d 154 (3d Cir. 2018).

## SEVENTH DEFENSE

The individual Defendants are not individually liable under the TCPA absent a showing of direct, personal, or knowing participation in the violation. *See City Select Auto Sales, Inc.,* 885 F.3d 154. Plaintiff fails to plead that any individual Defendant had direct, personal, or a knowing participation in any alleged TCPA violations.

18

## EIGHTH DEFENSE

Plaintiff has not plausibly alleged a TCPA violation because he provided his prior express written consent to be contacted.

## NINTH DEFENSE

Plaintiff has not plausibly alleged a TCPA violation because the parties had an established business relationship when Sokolove Law contacted Plaintiff.

## TENTH DEFENSE

Plaintiff has not plausibly alleged a violation of the NCTSA because Plaintiff admits in his Complaint that he is a resident of Texas and not a North Carolina telephone subscriber.

## ELEVENTH DEFENSE

Plaintiff has not plausibly alleged a violation of the NCTSA because Plaintiff has not plausibly alleged that any Defendant used the requisite telephony to contact him.

## TWELFTH DEFENSE

Plaintiff's recovery is barred, in whole or in party, to the extent its purported damages were not actually or proximately causes by any act or omission of Defendants.

## THIRTEENTH DEFENSE

Plaintiff's recovery is barred, in whole or in party, to the extent Plaintiff failed to avoid, minimize, or mitigate its claims damages.

## FOURTEENTH DEFENSE

Plaintiff's Complaint is barred by any and all applicable statute of limitations.

## FIFTEENTH DEFENSE

Sokolove Law reserves the right to assert any additional defenses that it learns through the course of discovery.

WHEREFORE, having responded to all of the allegations of Plaintiff's Complaint, Defendant Sokolove Law, LLC prays the Court as follows:

1. Plaintiff have and recover northing from Defendants;

2. Defendants' costs and attorneys' fees as allowed by law be taxed to Plaintiff;

3. For the Court to convert this Answer into a Rule 56 motion as no genuine issues of material fact exist which warrant relief to Plaintiff;

4. For a trial by jury; and

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted, this 29th day of May, 2024.

**SOKOLOVE LAW, LLC**

By: */s/ Virginia Bell Flynn*
Virginia Bell Flynn (N.C. State Bar No. 59109)
TROUTMAN PEPPER HAMILTON SANDERS LLP
301 South College Street, Suite 3400
Charlotte, North Carolina 28202
Telephone: 704-916-1509
Facsimile: 704-998-4051
Email: virginia.flynn@troutman.com

*Counsel for Defendants*

20

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of May 2024, I electronically filed the foregoing *ANSWER* with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

By: */s/ Virginia Bell Flynn*
Virginia Bell Flynn (N.C. State Bar No. 59109)

170940329