**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**
**SALISBURY DIVISION**
**Case No: 1:24-CV-00221**

| | |
|---|---|
| **CRAIG CUNNINGHAM,** | |
| *Plaintiff*, | |
| **v.** | |
| **WALLACE & GRAHAM, P.C., MONA LISA WALLACE, BILL GRAHAM, WHITNEY WALLACE WILLIAMS, MARK P. DOBY, RHINE LAW FIRM, P.C., JOEL R. RHINE, and SOKOLOVE LAW, LLC,** | |
| *Defendants*. | |

**ANSWER TO PLAINTIFF'S COMPLAINT BY DEFENDANTS WALLACE & GRAHAM, P.A., MONA LISA WALLACE, BILL GRAHAM, WHITNEY WALLACE WILLIAMS, MARK P. DOBY, RHINE LAW FIRM, P.C. AND JOEL R. RHINE**

Defendants Wallace & Graham, P.A. ("W&G"), Mona Lisa Wallace, Bill Graham, Whitney Wallace Williams, Mark P. Doby, Rhine Law Firm, P.C. ("RLF") and Joel R. Rhine, (collectively, "answering Defendants"), pursuant to Federal Rule of Civil Procedure 12 hereby respectfully respond to Plaintiff's Complaint filed March 12, 2024 as follows:

## I.     INTRODUCTION

1.     The allegations in paragraph 1 state legal conclusions not requiring a response. To the extent that the allegations cite an excerpt from *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335 (2020), the answering Defendants respond that the opinion speaks for itself. To the extent the allegation sounds as against one or more other Defendants herein, the answering

Defendants have no duty to respond to it and furthermore, deny it for lack of knowledge or information.  Otherwise, denied.

2.      The allegations in paragraph 2 state legal conclusions not requiring a response.  To the extent that the allegations cite an excerpt from *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649 (4th Cir. 2019), the answering Defendants respond that the opinion speaks for itself.  To the extent the allegation sounds as against one or more other Defendants herein, the answering Defendants have no duty to respond to it and furthermore, deny it for lack of knowledge or information.  Otherwise, denied.

3.      In response to the allegations in Paragraph 3, the answering Defendants admit that Plaintiff purports to bring an action against Defendants for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and of North Carolina law but deny that the answering Defendants engaged in any violations of the relevant laws. To the extent the allegation sounds as against one or more other Defendants herein, the answering Defendants have no duty to respond to it and furthermore, deny it for lack of knowledge or information.  Otherwise, denied.

## II.      PARTIES

4.      The answering Defendants are without knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 4, and therefore deny them.

5.      The answering Defendants admit that W&G is a Salisbury, North Carolina based law firm, that it represents clients in proceedings in North Carolina and elsewhere and that it represents clients in claims brought under the Camp Lejeune Justice Act ("CLJA"). The answering Defendants deny that W&G has engaged in any improper solicitation or other practices.  Except as admitted, the allegations contained in paragraph 5 are denied.

2

6.      The answering Defendants admit that Mona Lisa Wallace, Bill Graham, Whitney Wallace Williams, and Mark P. Doby are residents of North Carolina.  The answering Defendants admit that paragraph 52 of the Complaint contains a picture of a signature block for W&G and RLF.  To the extent the allegation sounds as against one or more other Defendants herein, the answering Defendants have no duty to respond to it and furthermore, deny it for lack of knowledge or information.  The answering Defendants specifically deny engaging in any unlawful telemarketing or solicitation practices.  Except as admitted, the allegations contained in paragraph 6 are denied.

7.      The answering Defendants admit that RLF is a Wilmington, North Carolina based law firm, that it represents clients in proceedings in North Carolina and elsewhere and that it represents clients in claims brought under the CLJA. The answering Defendants deny that RLF has engaged in any improper telemarketing or solicitation practices.  Except as admitted, the allegations contained in paragraph 7 are denied.

8.      The answering Defendants admit that Mr. Rhine is a resident of North Carolina. The answering Defendants admit that paragraph 52 of the Complaint contains a picture of a signature block for W&G and RLF.  The answering Defendants deny that RLF has engaged in any improper telemarketing calls.  Except as admitted, the allegations contained in paragraph 8 are denied.

9.      The allegations in paragraph 9 are directed to one or more other Defendants and accordingly the answering Defendants should have no duty to respond to the same.  To the extent that a response is required, the answering Defendants admit on information and belief that Sokolove is a law firm with multiple offices. The answering Defendants specifically deny that they

engaged in any improper telemarketing or solicitation practices. Otherwise, the allegations contained in paragraph 9 are denied.

10.     The allegations in paragraph 10 are directed to one or more other Defendants and accordingly the answering Defendants should have no duty to respond to the same. To the extent that a response is required, the answering Defendants admit on information and belief that LeBlanc is a resident of Massachusetts. The answering Defendants specifically deny that they engaged in any improper telemarketing or solicitation practices. Otherwise, the allegations contained in paragraph 10 are denied.

### III.     JURISDICTION AND VENUE

11.     The allegations in paragraph 11 state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

12.     The allegations in paragraph 12 state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

### IV.     FACTS

**A.     Calls Made Using an ATDS[1]**

13.     The allegations in paragraph 13 state legal conclusions not requiring a response. It is admitted that the text of the TCPA and any implementing rules speaks for itself. To the extent that the allegations cite excerpts or paraphrases of statutes or rules, said statutes or rules speak for themselves. To the extent that the allegations are contrary to law, they are denied. To the extent the allegations are directed to one or more other Defendants herein, the answering Defendants have no duty to respond and furthermore, deny them for lack of knowledge or information.

---

[1] To the extent that the heading seeks to allege the use of an Automatic Telephone Dialing System ("ATDS") by the answering Defendants, said allegation is denied.

14.     The allegations in paragraph 14 state legal conclusions not requiring a response.  It is admitted that the text of the TCPA and any implementing rules speaks for itself.  To the extent that the allegations cite excerpts or paraphrases of statutes or rules, said statutes or rules speak for themselves.   To the extent that the allegations are contrary to law, they are denied.

15.     The allegations in paragraph 15 state legal conclusions not requiring a response.  It is admitted that the text of the TCPA and any implementing rules speaks for itself.  To the extent that the allegations cite excerpts or paraphrases of statutes or rules, said statutes or rules speak for themselves.   To the extent that the allegations are contrary to law, they are denied.

**B.     The TCPA's Implementing Regulations**

16.     The allegations in paragraph 16 state legal conclusions not requiring a response.  It is admitted that the text of the TCPA and any implementing rules speaks for itself.  To the extent that the allegations cite excerpts or paraphrases of statutes or rules, said statutes or rules speak for themselves.   To the extent that the allegations are contrary to law, they are denied.

17.     The allegations in paragraph 17 state legal conclusions not requiring a response.  It is admitted that the text of the TCPA and any implementing rules speaks for itself.  To the extent that the allegations cite excerpts or paraphrases of statutes or rules, said statutes or rules speak for themselves.   To the extent that the allegations are contrary to law, they are denied.

**C.     North Carolina's Telephone Solicitation Act**

18.     The allegations in paragraph 18 state legal conclusions not requiring a response.  It is admitted that the text of N.C.G.S. § 75-100 speaks for itself and, by the plain language of the statute and the Court's decision on Defendants' Motion to Dismiss, does not protect individuals who are not North Carolina telephone subscribers.  To the extent that the allegations cite excerpts

5

or paraphrases of statutes, said statutes speak for themselves. To the extent that the allegations are contrary to law, they are denied.

19. The allegations in paragraph 19 state legal conclusions not requiring a response. It is admitted that the text of N.C.G.S. § 75-105 speaks for itself and, by the plain language of the statute and the Court's decision on Defendants' Motion to Dismiss, does not protect individuals who are not North Carolina telephone subscribers. To the extent that the allegations cite excerpts or paraphrases of statutes, said statutes speak for themselves. To the extent that the allegations are contrary to law, they are denied.

20. The allegations in paragraph 20 state legal conclusions not requiring a response. It is admitted that the text of N.C.G.S. § 75-102 speaks for itself and, by the plain language of the statute and the Court's decision on Defendants' Motion to Dismiss, does not protect individuals who are not North Carolina telephone subscribers. To the extent that the allegations cite excerpts or paraphrases of statutes, said statutes speak for themselves. To the extent that the allegations are contrary to law, they are denied. To the extent the allegations are directed to one or more other Defendants herein, the answering Defendants have no duty to respond and furthermore, deny them for lack of knowledge or information.

**D.     Unsolicited Telemarketing to Plaintiff[2]**

21. The allegations in paragraph 21 state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied. To the extent the paragraph seeks to allege that the Plaintiff was or is a person with a valid claim against the answering Defendants under the TCPA, said allegation is denied.

---

[2] To the extent the heading in the Complaint purports to be an allegation against the answering Defendants, the answering Defendants deny the allegation in this heading.

22.     The allegations in paragraph 22 state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.  To the extent the paragraph seeks to allege that the answering Defendants were persons liable under the TCPA, said allegation is denied.

23.     The answering Defendants deny making any unlawful telemarketing calls claimed to have been received by the Plaintiff.  The answering Defendants lack knowledge or information sufficient to allow them to admit or deny whether the Plaintiffs consented to receive telemarketing calls and therefore deny the allegation.  Otherwise, the allegations in paragraph 23 are denied.

24.     The answering Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24, and, as such, the allegations are denied.

25.     Upon information and belief, Plaintiff uses telephone numbers to generate purported TCPA and related claims which have been reflected by numerous matters filed in various courts.  Otherwise, the answering Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25, and, as such, the allegations are denied.

26.     The answering Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26, and, as such, the allegations are denied.

27.     The answering Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27, and, as such, the allegations are denied.

28.     The answering Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28, and, as such, the allegations are denied.

29. The answering Defendants deny that they made any improper calls to the Plaintiff. Otherwise, the answering Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29, and, as such, the allegations are denied.

30. The answering Defendants admit that they never entered into any business or other agreement or relationship with the Plaintiff. To the extent the allegation is directed against other Defendants, the answering Defendants should have no duty to respond. Otherwise, the allegations in paragraph 30 are denied.

31. To the extent the allegation is directed against one or more other Defendants, the answering Defendants should have no duty to respond. To the extent that a response is required, the answering Defendants admit that various notices, articles and press releases have been issued by the Department of Justice and others with regard to CLJA claims, which documents speak for themselves. Otherwise, the allegations in paragraph 31 are denied.

32. To the extent the allegations in paragraph 32 are directed against one or more other Defendants, the answering Defendants should have no duty to respond. To the extent paragraph 32 purports to allege any illegal telemarketing scheme or other actionable conduct involving the answering Defendants, the allegations are denied. Otherwise, the allegations in paragraph 32 are denied.

33. To the extent the allegations in paragraph 33 are directed against one or more other Defendants, the answering Defendants should have no duty to respond. With regard to the details of calls or text messages involving others, the answering Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33 of the Complaint, and, as such, the allegations are denied. To the extent paragraph 33 purports to allege any illegal telemarketing scheme or other actionable conduct involving the answering Defendants,

8

the allegations are denied.  The answering Defendants deny that they made any improper calls to Plaintiff or sent any improper texts to Plaintiff.

34.    To the extent the allegations in paragraph 34 are directed against one or more other Defendants, the answering Defendants should have no duty to respond.  With regard to the details of calls involving others, the answering Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34 of the Complaint, and, as such, the allegations are denied.  To the extent paragraph 34 purports to allege any illegal telemarketing scheme or other actionable conduct involving the answering Defendants, the allegations are denied. The answering Defendants deny that they made any improper telemarketing calls to Plaintiff.

35.    To the extent the allegations in paragraph 35 are directed against one or more other Defendants, the answering Defendants should have no duty to respond.  With regard to the details of calls involving other Defendants, the answering Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35 of the Complaint, and, as such, the allegations are denied.  To the extent paragraph 35 purports to allege any illegal telemarketing scheme or other actionable conduct involving the answering Defendants, the allegations are denied.  The answering Defendants deny that they made any improper telemarketing calls to Plaintiff.

36.    To the extent the allegations in paragraph 36 are directed against one or more other Defendants, the answering Defendants should have no duty to respond.  With regard to the details of calls involving other Defendants, the answering Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36 of the Complaint, and, as such, the allegations are denied.  To the extent paragraph 36 purports to allege

9

any illegal telemarketing scheme or other actionable conduct involving the answering Defendants, the allegations are denied. The answering Defendants deny that they made any improper calls to Plaintiff.

37.     To the extent the allegations in paragraph 37 are directed against one or more other Defendants, the answering Defendants should have no duty to respond. With regard to the details of calls involving other Defendants, the answering Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37 of the Complaint, and, as such, the allegations are denied. To the extent paragraph 37 purports to allege any illegal telemarketing scheme or other actionable conduct involving the answering Defendants, the allegations are denied. The answering Defendants deny that they made any improper calls to Plaintiff.

38.     To the extent the allegations in paragraph 38 are directed against one or more other Defendants, the answering Defendants should have no duty to respond. With regard to the details of calls involving other Defendants, the answering Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38 of the Complaint, and, as such, the allegations are denied. To the extent paragraph 38 purports to allege any illegal telemarketing scheme or other actionable conduct involving the answering Defendants, the allegations are denied. The answering Defendants deny that they made any improper calls to Plaintiff.

39.     To the extent the allegations in paragraph 39 are directed against one or more other Defendants, the answering Defendants should have no duty to respond. With regard to the details of calls involving other Defendants, the answering Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39 of the

10

Complaint, and, as such, the allegations are denied. To the extent paragraph 39 purports to allege any illegal telemarketing scheme or other actionable conduct involving the answering Defendants, the allegations are denied. The answering Defendants deny that they made any improper calls to Plaintiff.

40. To the extent the allegations in paragraph 40 are directed against one or more other Defendants, the answering Defendants should have no duty to respond. With regard to the details of calls involving other Defendants, the answering Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40 of the Complaint, and, as such, the allegations are denied. To the extent paragraph 40 purports to allege any illegal telemarketing scheme or other actionable conduct involving the answering Defendants, the allegations are denied. The answering Defendants deny that they made any improper calls to Plaintiff.

41. To the extent the allegations in paragraph 41 are directed against one or more other Defendants, the answering Defendants should have no duty to respond. With regard to the details of calls involving others, the answering Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41, and, as such, the allegations are denied. To the extent paragraph 41 purports to allege any illegal telemarketing scheme or other actionable conduct involving the answering Defendants, the allegations are denied. The answering Defendants deny that they made any improper calls to Plaintiff.

42. To the extent the allegations in paragraph 42 are directed against one or more other Defendants, the answering Defendants should have no duty to respond. With regard to the details of calls involving others, the answering Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42, and, as such, the

allegations are denied. To the extent paragraph 42 purports to allege any illegal telemarketing scheme or other actionable conduct involving the answering Defendants, the allegations are denied. The answering Defendants deny that they made any improper calls to Plaintiff.

43.     The answering Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 43 and therefore deny said allegations.

44.     To the extent the allegations in paragraph 44 are directed against one or more other Defendants, the answering Defendants should have no duty to respond. With regard to the details of calls involving others, the answering Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44, and, as such, the allegations are denied. To the extent paragraph 44 purports to allege any illegal telemarketing scheme or other actionable conduct involving the answering Defendants, the allegations are denied. The answering Defendants deny that they made any improper calls to Plaintiff.

45.     To the extent the allegations in paragraph 45 are directed against one or more other Defendants, the answering Defendants should have no duty to respond. With regard to the details of calls or emails involving others, the answering Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45, and, as such, the allegations are denied. To the extent paragraph 45 purports to allege any illegal telemarketing scheme or other actionable conduct involving the answering Defendants, the allegations are denied. The answering Defendants deny that they made any improper calls to Plaintiff or sent any improper emails to Plaintiff.

46.     To the extent the allegations in paragraph 46 are directed against one or more other Defendants, the answering Defendants should have no duty to respond. With regard to the details

of calls involving others, the answering Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46, and, as such, the allegations are denied. To the extent paragraph 46 purports to allege any illegal telemarketing scheme or other actionable conduct involving the answering Defendants, the allegations are denied. The answering Defendants deny that they made any improper calls to Plaintiff.

47. To the extent the allegations in paragraph 47 are directed against one or more other Defendants, the answering Defendants should have no duty to respond. With regard to the details of calls involving others, the answering Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47, and, as such, the allegations are denied. To the extent paragraph 47 purports to allege any illegal telemarketing scheme or other actionable conduct involving the answering Defendants, the allegations are denied. The answering Defendants deny that they made any improper calls to Plaintiff.

48. To the extent the allegations in paragraph 48 are directed against one or more other Defendants, the answering Defendants should have no duty to respond. With regard to the details of calls involving others, the answering Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 48, and, as such, the allegations are denied. To the extent paragraph 48 purports to allege any illegal telemarketing scheme or other actionable conduct involving the answering Defendants, the allegations are denied. The answering Defendants deny that they made any improper calls to Plaintiff.

49. To the extent the allegations in paragraph 49 are directed against one or more other Defendants, the answering Defendants should have no duty to respond. With regard to the details of calls or emails involving others, the answering Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49, and, as

13

such, the allegations are denied. To the extent paragraph 49 purports to allege any illegal telemarketing scheme or other actionable conduct involving the answering Defendants, the allegations are denied. The answering Defendants deny that they made any improper calls to Plaintiff.

50. To the extent the allegations in paragraph 50 are directed against one or more other Defendants, the answering Defendants should have no duty to respond. With regard to the details of calls or emails involving others, the answering Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50, and, as such, the allegations are denied. To the extent paragraph 50 purports to allege any illegal telemarketing scheme or other actionable conduct involving the answering Defendants, the allegations are denied. The answering Defendants deny that they made any improper calls to Plaintiff.

51. To the extent the allegations in paragraph 51 are directed against one or more other Defendants, the answering Defendants should have no duty to respond. With regard to the details of emails or other communications involving others, the answering Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51, and, as such, the allegations are denied. To the extent paragraph 51 purports to allege any illegal telemarketing scheme or other actionable conduct involving the answering Defendants, the allegations are denied. The answering Defendants deny that they made any improper calls or sent any improper emails to Plaintiff.

52. The answering Defendants admit that paragraph 52 purports to show an image of signature lines for W&G and RLF. The answering Defendants deny that any provisions of any contingent fee agreements used by them are unlawful. To the extent the allegations in paragraph

14

52 are directed against one or more other Defendants, the answering Defendants should have no duty to respond. With regard to the details of calls or emails involving others, the answering Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 52 of the Complaint, and, as such, the allegations are denied. To the extent paragraph 52 purports to allege any illegal telemarketing scheme or other actionable conduct involving the answering Defendants, the allegations are denied. The answering Defendants deny that they made any improper calls or sent any improper emails to Plaintiff.

53.     To the extent the allegations in paragraph 53 are directed against one or more other Defendants, the answering Defendants should have no duty to respond. With regard to the details of calls involving others, the answering Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 53, and, as such, the allegations are denied. To the extent paragraph 53 purports to allege any illegal telemarketing scheme or other actionable conduct involving the answering Defendants, the allegations are denied. The answering Defendants deny that they made any improper calls to Plaintiff.

54.     To the extent the allegations in paragraph 54 are directed against one or more other Defendants, the answering Defendants should have no duty to respond. With regard to the details of calls involving others, the answering Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 54, and, as such, the allegations are denied. To the extent paragraph 54 purports to allege any illegal telemarketing scheme or other actionable conduct involving the answering Defendants, the allegations are denied. The answering Defendants deny that they made any improper calls to Plaintiff.

55.     To the extent the allegations in paragraph 55 are directed against one or more other Defendants, the answering Defendants should have no duty to respond. With regard to the details

of emails involving others, the answering Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 55, and, as such, the allegations are denied. To the extent paragraph 55 purports to allege any illegal telemarketing scheme or other actionable conduct involving the answering Defendants, the allegations are denied. The answering Defendants deny that they made any improper calls or sent any improper emails to Plaintiff.

56. To the extent the allegations in paragraph 56 are directed against one or more other Defendants, the answering Defendants should have no duty to respond. With regard to the details of text messages involving others, the answering Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 56, and, as such, the allegations are denied. To the extent paragraph 56 purports to allege any illegal telemarketing scheme or other actionable conduct involving the answering Defendants, the allegations are denied. The answering Defendants deny that they sent any improper texts to Plaintiff.

57. To the extent the allegations in paragraph 57 are directed against one or more other Defendants, the answering Defendants should have no duty to respond. With regard to the details of calls or text messages involving others, the answering Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 57, and, as such, the allegations are denied. To the extent paragraph 57 purports to allege any illegal telemarketing scheme or other actionable conduct involving the answering Defendants, the allegations are denied. The answering Defendants deny that they made any improper calls or sent any improper text messages to Plaintiff.

58. To the extent the allegations in paragraph 58 are directed against one or more other Defendants, the answering Defendants should have no duty to respond. With regard to the details

16

of calls or text messages involving others, the answering Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 58, and, as such, the allegations are denied. To the extent paragraph 58 purports to allege any illegal telemarketing scheme or other actionable conduct involving the answering Defendants, the allegations are denied. The answering Defendants deny that they made any improper calls or sent any improper text messages to Plaintiff.

59. To the extent the allegations in paragraph 59 are directed against one or more other Defendants, the answering Defendants should have no duty to respond. With regard to the details of calls or text messages involving others, the answering Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 59, and, as such, the allegations are denied. To the extent paragraph 59 purports to allege any illegal telemarketing scheme or other actionable conduct involving the answering Defendants, the allegations are denied. The answering Defendants deny that they made any improper calls or sent any improper text messages to Plaintiff.

60. The answering Defendants admit that Mona Lisa Wallace spoke with a person who identified himself as the Plaintiff on two occasions. The answering Defendants otherwise deny the allegations contained in paragraph 60.

61. The answering Defendants admit that Mona Lisa Wallace spoke with a person who identified himself as the Plaintiff on two occasions. The answering Defendants deny that Ms. Wallace engaged in illegal telemarketing calls or robocalls. The answering Defendants deny that Plaintiff has accurately quoted and paraphrased the content of the calls. Otherwise, denied.

62. The answering Defendants admit that Mona Lisa Wallace spoke with a person who identified himself as the Plaintiff by phone. The answering Defendants deny that Plaintiff has

accurately quoted and paraphrased the content of the calls. The answering Defendants deny that Ms. Wallace made any such statements about suing the government or obtaining any amount of dollar amounts from the government. Otherwise, denied.

63.     The answering Defendants deny the allegation that they violated any law in connection with their retention of relevant records. To the extent the allegations in paragraph 63 are directed against one or more other Defendants, the answering Defendants should have no duty to respond. With regard to the details of calls or records of calls involving other Defendants, the answering Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 63 of the Complaint, and, as such, the allegations are denied. To the extent paragraph 63 purports to allege any illegal telemarketing scheme or other actionable conduct involving the answering Defendants, the allegations are denied. The answering Defendants deny that they had any knowledge about the conduct complained of by the Plaintiff until he called Ms. Wallace and Mr. Rhine and later filed his complaint.

64.     The answering Defendants admit that Mona Lisa Wallace spoke with a person who identified himself as the Plaintiff by phone. The answering Defendants deny that Plaintiff has accurately quoted and paraphrased the content of the calls. Otherwise, the allegations in paragraph 64 are denied.

65.     The answering Defendants deny the allegations contained in paragraph 65.

66.     The answering Defendants admit that Mona Lisa Wallace and Joel Rhine spoke with a person who identified himself as the Plaintiff by phone. The answering Defendants deny that Plaintiff has accurately quoted and paraphrased the content of the calls. Otherwise, the allegations in paragraph 66 are denied.

18

67.     The answering Defendants admit that Mona Lisa Wallace and Joel Rhine spoke with a person who identified himself as the Plaintiff by phone.  The answering Defendants deny that Plaintiff has accurately quoted and paraphrased the content of the calls.  Otherwise, the allegations in paragraph 67 are denied.

68.     In response to the allegations in paragraph 68, the answering Defendants admit that Joel Rhine spoke with a person who identified himself as the Plaintiff and refused one or more of his unreasonable demands for information. The answering Defendants deny that Plaintiff has accurately quoted and paraphrased the relevant communications.  Otherwise, the allegations in paragraph 68 are denied.

69.     In response to the allegations in paragraph 69, the answering Defendants admit that Joel Rhine and Mona Lisa Wallace spoke with a person who identified himself as the Plaintiff by phone.  The answering Defendants deny that Plaintiff has accurately quoted and paraphrased the relevant communications.  Otherwise, the allegations in paragraph 69 are denied.

70.     In response to the allegations in paragraph 70, the answering Defendants deny that they had a duty to "implement a system" as alleged by Plaintiff or that they have in any manner acted unlawfully.  Otherwise, the allegations in paragraph 70 are denied.

71.     The allegations in paragraph 71 state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.  To the extent the allegations quote or paraphrase from the TCPA, the statute speaks for itself.  The answering Defendants deny that they engaged in any conduct actionable under the TCPA.

72.     The answering Defendants deny the allegations contained in paragraph 72.

73.     To the extent the allegations in paragraph 73 are directed against one or more other Defendants, the answering Defendants should have no duty to respond.  To the extent a response

19

is required, the answering Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 73 of the Complaint, and, as such, the allegations are denied. The answering Defendants specifically deny that they engaged in any conduct actionable under the TCPA.

74.     To the extent the allegations in paragraph 74 are directed against one or more other Defendants, the answering Defendants should have no duty to respond.  To the extent a response is required, the answering Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 74 of the Complaint, and, as such, the allegations are denied. The answering Defendants deny that they engaged in any conduct actionable under the TCPA.

75.     To the extent the allegations in paragraph 75 are directed against one or more other Defendants, the answering Defendants should have no duty to respond.  To the extent a response is required, the answering Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 75 of the Complaint, and, as such, the allegations are denied. The answering Defendants deny that they engaged in any conduct actionable under the TCPA.

76.     To the extent the allegations in paragraph 76 are directed against one or more other Defendants, the answering Defendants should have no duty to respond.  To the extent a response is required, the answering Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 76 of the Complaint, and, as such, the allegations are denied. The answering Defendants deny that they engaged in any conduct actionable under the TCPA.

77.     To the extent the allegations in paragraph 77 are directed against one or more other Defendants, the answering Defendants should have no duty to respond.  To the extent a response is required, the answering Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 77 of the Complaint, and, as such, the allegations are denied.   The answering Defendants deny making any improper telemarketing calls to the Plaintiff.  The answering Defendants deny that they engaged in any conduct actionable under the TCPA or made any improper calls to the Plaintiff.

78.     To the extent the allegations in paragraph 78 are directed against one or more other Defendants, the answering Defendants should have no duty to respond.  To the extent a response is required, the answering Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 78 of the Complaint, and, as such, the allegations are denied.   The answering Defendants deny making any improper telemarketing calls to the Plaintiff.

79.     To the extent the allegations in paragraph 79 are directed against one or more other Defendants, the answering Defendants should have no duty to respond.  To the extent a response is required, the answering Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 79 of the Complaint, and, as such, the allegations are denied.   The answering Defendants deny making any improper telemarketing calls to the Plaintiff.

80.     To the extent the allegations in paragraph 80 are directed against one or more other Defendants, the answering Defendants should have no duty to respond.  To the extent a response is required, the answering Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 80 of the Complaint, and, as such, the

allegations are denied. The answering Defendants deny making any improper telemarketing calls to the Plaintiff.

81. To the extent the allegations in paragraph 81 are directed against one or more other Defendants, the answering Defendants should have no duty to respond. To the extent a response is required, the answering Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 81 of the Complaint, and, as such, the allegations are denied. The answering Defendants deny making any improper telemarketing calls to the Plaintiff.

82. The answering Defendants deny making any improper telemarketing calls to the Plaintiff or engaging in any conduct which harmed the Plaintiff. To the extent the allegations in paragraph 82 are directed against one or more other Defendants, the answering Defendants should have no duty to respond. Otherwise, the allegations in paragraph 82 are denied.

<u>AS TO: FIRST CAUSE OF ACTION</u>
**Violation of the TCPA's Prohibition Against Automated Calling
With an Automatic Telephone Dialing System (ATDS)**

83. The answering Defendants reallege and incorporate by reference its responses to paragraphs 1-82 of the Complaint.

84. The answering Defendants deny the allegations contained in paragraph 84.

85. The answering Defendants deny the allegations contained in paragraph 85.

86. The answering Defendants deny the allegations contained in paragraph 86.

87. The answering Defendants deny the allegations contained in paragraph 87.

22

**AS TO: SECOND CAUSE OF ACTION**
**Violation of the TCPA's Implementing Regulations**
**Codified in 47 C.F.R. § 64.1200(d)**

88.     The answering Defendants reallege and incorporate by reference its responses to paragraphs 1-87 of the Complaint.

89.     The answering Defendants deny the allegations contained in paragraph 89.

90.     The answering Defendants deny the allegations contained in paragraph 90.

91.     The answering Defendants deny the allegations contained in paragraph 91.

92.     The answering Defendants deny the allegations contained in paragraph 92.

93.     The answering Defendants deny the allegations contained in paragraph 93.

94.     The answering Defendants deny the allegations contained in paragraph 94.

**THIRD CAUSE OF ACTION**
**Violation of the North Carolina Telephone Solicitation Act**

95.     The answering Defendants reallege and incorporate by reference its responses to paragraphs 1-94 of the Complaint.

96.     The answering Defendants deny the allegations in paragraph 96 and, based on the plain language of the statute and the Court's Order on Defendants' Motion to Dismiss, deny that the statute protects individuals who are not North Carolina telephone subscribers.

97.     The answering Defendants deny the allegations in paragraph 97 and, based on the plain language of the statute and the Court's Order on Defendants' Motion to Dismiss, deny that the statute protects individuals who are not North Carolina telephone subscribers.

98.     The answering Defendants deny the allegations in paragraph 98 and, based on the plain language of the statute and the Court's Order on Defendants' Motion to Dismiss, deny that the statute protects individuals who are not North Carolina telephone subscribers.

99. The answering Defendants deny the allegations in paragraph 99 and, based on the plain language of the statute and the Court's Order on Defendants' Motion to Dismiss, deny that the statute protects individuals who are not North Carolina telephone subscribers.

100. The answering Defendants deny the allegations in paragraph 100 and, based on the plain language of the statute and the Court's Order on Defendants' Motion to Dismiss, deny that the statute protects individuals who are not North Carolina telephone subscribers.

<u>**RESPONSE TO PRAYER FOR RELIEF**</u>

Answering the unnumbered "WHEREFORE" paragraph of the Complaint (including all subparts), the answering Defendants deny that Plaintiff is entitled to any relief under any theory of recovery whatsoever.

The answering Defendants hereby deny any and all allegations in Plaintiff's Complaint that are not expressly admitted herein.

<u>**AFFIRMATIVE AND OTHER DEFENSES**</u>

<u>**FIRST DEFENSE**</u>

Plaintiff's Complaint fails to state claim for which relief can be granted.

<u>**SECOND DEFENSE**</u>

Plaintiff's claims fail, in whole or in part, to the extent the claims are barred by the doctrines of waiver, estoppel, laches, acquiescence, and/or ratification.

<u>**THIRD DEFENSE**</u>

Plaintiff's claims fail, in whole or in part, to the extent the claims are barred by unclean hands, bad faith conduct, fraudulent conduct, or dilatory conduct by Plaintiff.

24

## FOURTH DEFENSE

Plaintiff's claims fail, in whole or in part, because Defendants complied with the TCPA and the NCTSA, acted in accordance with applicable law, and acted with the utmost good faith and for legitimate business reasons at all times relevant to this matter.

## FIFTH DEFENSE

Plaintiff has not plausibly alleged that any Defendant used an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1) and clarified by the Supreme Court in *Facebook v. Duguid*, 592 U.S. 395 (2021).

## SIXTH DEFENSE

The individual Defendants are not liable under the TCPA because Plaintiff has named each individual Defendant's corporation in this action, and the corporate form shields each individual Defendant, absent special circumstances which are not pled here. *See City Select Auto Sales, Inc. v. David Randall Assocs., Inc.*, 885 F.3d 154 (3d Cir. 2018).

## SEVENTH DEFENSE

The individual Defendants are not individually liable under the TCPA absent a showing of direct, personal, or knowing participation in the violation. *See City Select Auto Sales, Inc.,* 885 F.3d 154. Plaintiff fails to plead that any individual Defendant had direct, personal, or a knowing participation in any alleged TCPA violations.

## EIGHTH DEFENSE

Plaintiff has not plausibly alleged a TCPA violation because he provided his prior express written consent to be contacted.

## NINTH DEFENSE

Plaintiff has not plausibly alleged a TCPA violation because the parties had an established business relationship when answering Defendants contacted Plaintiff.

## TENTH DEFENSE

Plaintiff has not plausibly alleged a violation of the NCTSA because Plaintiff admits in his Complaint that he is a resident of Texas and not a North Carolina telephone subscriber.

## ELEVENTH DEFENSE

Plaintiff has not plausibly alleged a violation of the NCTSA because Plaintiff has not plausibly alleged that any Defendant used the requisite telephony to contact him.

## TWELFTH DEFENSE

Plaintiff's recovery is barred, in whole or in part, to the extent Plaintiff's purported damages were not actually or proximately caused by any act or omission of Defendants.

## THIRTEENTH DEFENSE

Plaintiff's recovery is barred, in whole or in part, to the extent Plaintiff failed to avoid, minimize, or mitigate Plaintiff's purported damages.

## FOURTEENTH DEFENSE

Plaintiff's Complaint is barred by any and all applicable statute of limitations.

## FIFTEENTH DEFENSE

Answering Defendants reserve the right to assert any additional defenses that it learns through the course of discovery.

WHEREFORE, having responded to all of the allegations of Plaintiff's Complaint, answering Defendants pray the Court to enter judgment finding and ruling as follows:

1.  That Plaintiff have and recover nothing from Defendants;

2. That Defendants' costs and attorneys' fees as allowed by law be taxed to Plaintiff;

3. For a trial by jury; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted, this 3rd day of December, 2024.

**WALLACE & GRAHAM, P.A.,**
**MONA LISA WALLACE, BILL GRAHAM,**
**WHITNEY WALLACE WILLIAMS,**
**MARK P. DOBY, RHINE LAW FIRM, P.C.,**
**AND JOEL R. RHINE**

By: */s/ Virginia Bell Flynn*
Virginia Bell Flynn (N.C. State Bar No. 59109)
TROUTMAN PEPPER HAMILTON SANDERS LLP
301 South College Street, Suite 3400
Charlotte, North Carolina 28202
Telephone: 704-916-1509
Facsimile: 704-998-4051
Email: virginia.flynn@troutman.com

*Counsel for Defendants*

27

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of December 2024, I electronically filed the foregoing *ANSWER* with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

/s/ Virginia Bell Flynn
Virginia Bell Flynn (N.C. State Bar No. 59109)

28

172096434