# EXHIBIT A

| | |
|---|---|
| CRAIG CUNNINGHAM,<br><br>*Plaintiff*,<br><br>v.<br><br>WALLACE & GRAHAM, P.C., MONA LISA WALLACE, BILL GRAHAM, WHITNEY WALLACE WILLIAMS, MARK P. DOBY, RHINE LAW FIRM, P.C., JOEL R. RHINE, SOKOLOVE LAW, LLC,<br><br>*Defendants*. | SOKOLOVE LAW'S THIRD-PARTY COMPLAINT AGAINST BRENT NILS CUSHMAN AND BLAZEN MEDIA, LLC |
| SOKOLOVE LAW, LLC,<br><br>*Third-Party Plaintiff*,<br><br>v.<br><br>BRENT NILS CUSHMAN and BLAZEN MEDIA, LLC,<br><br>*Third-Party Defendants*. | |

Defendant Sokolove Law, LLC, ("Sokolove Law"), by counsel and pursuant to Federal Rule of Civil Procedure 14, hereby submits its Complaint against Third-Party Defendants Brent Nils Cushman ("Cushman") and Blazen Media, LLC ("Blazen Media") and states as follows:

## INTRODUCTION

1. This litigation is about Cushman and Blazen Media's failure to indemnify Sokolove Law after Craig Cunningham ("Plaintiff") deceitfully posed as "Craig Smith" in order to encourage telephone calls from Defendant Sokolove Law. No other defendant in this litigation, including Wallace & Graham, P.C., Mona Lisa Wallace, Bill Graham, Whitney Wallace Williams, Mark P. Doby, Rhine Law Firm, P.C., or Joel R. Rhine, were involved in or had direction over the calls Plaintiff alleges he received from Sokolove Law.

2. Instead, Cushman and Blazen Media represented to Sokolove Law that "Craig Smith" provided his prior express written consent to receive calls and expressed legitimate interest in legal representation to bring a claim based on the toxic water at Camp Lejeune. Cushman and Blazen Media knew that Sokolove Law would only accept referrals obtained through processes that complied with federal and state law, and Cushman and Blazen Media agreed in the parties' contract that all referrals would meet these standards. Sokolove Law would not have accepted "Craig Smith's" information absent these representations.

## PARTIES

3. Defendant/Third-Party Plaintiff Sokolove Law is a Delaware based law firm with a principal place of business in the Commonwealth of Massachusetts.

4. Based on information and belief, Brent Nils Cushman is an individual residing in Grand Rapids, Michigan.

5. Based on information and belief, Blazen Media is a California corporation with a principal place of business in San Diego, California.

## JURISDICTION

6. This Court has subject matter jurisdiction over Sokolove Law's claims against Cushman and Blazen Media pursuant to 28 U.S.C. § 1331 because this is a civil action arising under federal law. *See* 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs. LLC*, 132 S.Ct. 740 (2012).

7. This Court has supplemental jurisdiction over the claims asserted in this third-party complaint pursuant to 28 U.S.C. § 1367(a).

8. Venue is conferred by 28 U.S.C. § 1391 because the claims at issue in this litigation are alleged to have occurred in this District.

## BACKGROUND

9. On September 30, 2023, Sokolove Law entered into a Campaign Agreement (the "Agreement") with Cushman, doing business as Blazen Media. Under the terms of the Agreement, Cushman agreed to supply Sokolove Law with qualified leads of potential clients who expressed interest in pursuing a legal claim related to the toxic water at Camp Lejeune. A copy of the Agreement is attached hereto as **Exhibit A**.

10. Cushman knew that Sokolove Law was only interested in legitimate inquiries for legal representation and that Sokolove Law would only call those individuals who expressed a genuine interest in filing a Camp Lejeune claim.

11. Consequently, Cushman represented in the Agreement that he would only provide – and that Sokolove Law would only accept – qualified leads, defined as "legitimate and sincere inquiries" for legal services provided by Sokolove Law. Ex. A at ¶ 2(a).

12. In Paragraph 8 of the Agreement, Cushman agreed that he and Blazen would comply with all federal law, including the TCPA. Specifically, Cushman agreed that he would:

> [C]omply with all applicable federal, state, and local law, including but not limited to (i) ethical rules, codes, and the like applicable to the advertisement of legal services and/or generation and referral of leads for potential clients, (ii) consumer protection laws and FCC regulations including, but not limited to the TCPA and CAN-SPAM Act, and (iii) any applicable legal requirements related to the privacy and security of personal information, including but not limited to M.G.L. c. 93H and the regulations set out in 201 CMR 17.00, as amended from time to time, it may receive, develop, store, license, or provide hereunder.

Ex. A at ¶ 8.

13. Cushman further agreed that he would indemnify and hold harmless Sokolove Law and its affiliates for any "claims, allegations, suits, liabilities, damages, penalties, attorneys fees, and costs, of any nature, in law or equity," arising from any breach of Paragraph 8. Ex. A at ¶ 11.

14. Cushman and Blazen Media relayed to Sokolove Law that, on July 25, 2023, a person named "Craig Smith" had expressed interest in representation from Sokolove Law related to Camp Lejeune claims. Blazen Media provided Craig Smith's information to Sokolove Law, confirming that "Craig Smith" provided his telephone number and provided written consent to be contacted at that telephone number regarding his interest in potential legal representation related to Camp Lejeune claims.

15. On March 12, 2024, Plaintiff filed suit in this Court, ECF No. 1, contending that he received 47 unsolicited "telemarketing calls/messages" from Sokolove Law related

to Camp Lejeune claims. The Complaint relates to calls Plaintiff alleges he received without prior express written consent. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* and the North Carolina Telephone Solicitation Act, 75 N.C. Gen. Stat. §§ 75-101, *et seq*.

16. The allegations in Plaintiff's Complaint fall squarely within the warranties provided by Cushman and Blazen Media in the Agreement.

17. Sokolove Law has made multiple demands, both formally and informally, for full indemnification from Cushman and Blazen Media. *See* November 22, 2024 Letter, attached hereto as **Exhibit B**; January 10, 2025 Letter, attached hereto as **Exhibit C**. Notwithstanding these demands, Cushman and Blazen Media have refused to abide by their contractual obligations and have failed to indemnify Sokolove Law.

## COUNT I
### Breach of Contract

18. Sokolove Law incorporates the allegations of the foregoing paragraphs as if fully set forth herein.

19. The Agreement between Cushman and Blazen Media, on the one hand, and Sokolove Law on the other, is a valid and enforceable contract.

20. Sokolove Law has fully performed all of its obligations under the Agreement.

21. Sokolove Law has made written demands for full indemnification from Cushman and Blazen Media.

22. If the Court finds that Sokolove Law did not have prior express written consent to contact Craig Smith or Plaintiff as Plaintiff alleges in the Complaint, Cushman

5

and Blazen Media have materially breached their obligations under the Agreement by their acts and omissions, including, but not limited to, failing to provide a qualified lead in accordance with all applicable laws, failing to indemnify Sokolove Law upon Sokolove Law's demand, and failing to pay all losses and expenses incurred by Sokolove Law in its defense of this action, including Sokolove Law's attorneys' fees and costs.

23. As a direct and proximate result of the breach of contract by Cushman and Blazen Media, Sokolove Law has incurred and continues to incur damages, costs, expenses, and attorneys' fees in connection with the defense of this lawsuit, including in connection with this third-party Complaint.

## COUNT II
### Negligent Misrepresentation

24. Sokolove Law incorporates the allegations of the foregoing paragraphs as if fully set forth herein.

25. Cushman and Blazen Media represented to Sokolove Law that they obtained consumers' prior express written consent to receive communications and, in doing so, complied with all applicable laws and regulations. In addition to the Agreement, Blazen Media represented on its website:

> We protect our clients! All of our live transfer leads are scrubbed for the Do Not Call (DNC) list, are TCPA compliant, and are vigorously blocked from serial litigators. . . . [A]ll of our data used for campaigns is opt-in only data with a Jornaya token attached to each consumer request for extra security and protection for us and our clients!"

26. If the Court finds that Sokolove Law did not have prior express written consent to contact Craig Smith or Plaintiff as Plaintiff alleges in the Complaint, Cushman

6

and Blazen Media made false representations of fact by providing the telephone number as a qualified lead.

27. If the Court finds that Sokolove Law did not have prior express written consent to contact Craig Smith or Plaintiff as Plaintiff alleges in the Complaint, Cushman and Blazen Media, in making the false representations of fact to Sokolove Law, knew or should have known that the representations were false, and therefore intended to deceive Sokolove Law.

28. If the Court finds that Sokolove Law did not have prior express consent to contact Craig Smith or Plaintiff as Plaintiff alleges in the Complaint, Sokolove Law relied to its detriment on information provided by Cushman and Blazen Media in calling the telephone number.

29. As a direct and proximate result of the conduct of Cushman and Blazen Media, Sokolove Law has and will suffer further damages related to the defense of Plaintiff's lawsuit.

## **PRAYER FOR RELIEF**

WHEREFORE, Sokolove Law, LLC demands judgment in its favor against the Third-Party Defendants as follows:

1. Ordering Brent Nils Cushman and Blazen Media to indemnify Sokolove for any liability which it may incur as a result of the claims set forth in Plaintiff's Complaint;

2. Ordering Brent Nils Cushman and Blazen Media to pay for damages incurred because of Plaintiff's lawsuit, including the amount of any judgment entered against Sokolove Law, LLC in favor of Plaintiff;

3. Awarding Sokolove Law, LLC its attorneys' fees, costs, and all other expenses incurred in the defense of the underlying lawsuit brought by Plaintiff and the prosecution of this Third-Party Complaint, plus interest; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted, this __ day of _____, 2025.

        **SOKOLOVE LAW, LLC**

        By: */s/ Virginia Bell Flynn*
        Virginia Bell Flynn (N.C. State Bar No. 59109)
        TROUTMAN PEPPER LOCKE LLP
        301 South College Street, Suite 3400
        Charlotte, North Carolina 28202
        Telephone: 704-916-1509
        Facsimile: 704-998-4051
        Email: virginia.flynn@troutman.com

        *Counsel for Defendants*

# EXHIBIT A

DocuSign Envelope ID: BFC4FF0F-27DF-4BE4-BFD8-8C5004043692

## Sokolove Law, LLC - PI Standard Terms and Conditions

These PI Standard Terms and Conditions ("**Terms and Conditions**") between Brent Nils Cushman dba Blazen Media LLC ("**Supplier**") and Sokolove Law, LLC ("**Sokolove**"), along with any Per Inquiry Campaign Term Sheet(s) executed by the parties ("**Term Sheet(s)**"), are the agreement between Sokolove and Supplier ("**Agreement**"). Definitions herein apply also in the Term Sheets.

1) **Lead supply**. Supplier will supply to Sokolove leads for potential clients who submit inquiries to Supplier for the case type set out in a Term Sheet ("**Case Type**") on the terms and conditions herein and in the Term Sheet ("**Leads**"). All Leads will be provided to Sokolove promptly after the initial inquiry in a data, phone and/or other transmission format agreed by Sokolove. Sokolove may discontinue receiving Leads for a Case Type on notice to Supplier. Supplier will not provide Leads to any other person or entity or use them for any other purpose.

2) **Lead qualification criteria**. Sokolove will compensate Supplier only for Leads meeting Sokolove's lead qualification criteria set out below and in the applicable Term Sheet ("**Lead Qualification Criteria**"), as determined by Sokolove in its sole discretion ("**Qualified Leads**"). At a minimum, Qualified Leads must:

a) be legitimate and sincere inquiries for the Case Type in the applicable Term Sheet, as determined solely by Sokolove,

b) include the inquirer's full legal name and working (and not false) phone number or email address, and a representation that the inquirer (or the person for whom the inquiry is made) suffered the injury or other damages required for the Case Type,

c) for digital Leads, include information keyed in or otherwise entered directly by the inquirer (and not by or on behalf of Supplier) into a Supplier form,

d) not be a duplicate of any lead previously received by Sokolove from Supplier or another source, and

e) meet the additional lead qualification criteria in the Term Sheet ("**Additional Lead Qualification Criteria**") or as otherwise determined by Sokolove from time to time.

Sokolove reserves the right to reject any Leads, including Leads that may be Qualified Leads, for any reason in its sole discretion, including that Sokolove is unable to contact the Lead and/or obtain sufficient information to determine or confirm the qualification. In the event that Sokolove rejects a Lead due to no contact or insufficient information, it may continue contact or qualification attempts as it determines appropriate. Sokolove also reserve the right to consider a Lead for qualification for a case type other than in the Term Sheet, at its option and sole discretion.

3) **Qualified lead limits**. Each Term Sheet will set out either a (i) number of Qualified Leads ("**Number of Qualified Leads**") or (ii) time period ("**Time Period**") and maximum amount Sokolove will pay Supplier for Qualified Leads for the Time Period ("**Maximum Compensation**") (the "**Qualified Lead Limits**"). In the event not specified (or both are completed), the Term Sheet will default to a Time Period of 3 months and Maximum Compensation of ▓▓▓.

4) **Reporting**. For any week with Leads, Sokolove will email a report within 10 business days after week-end ("**Weekly Report**"). The Weekly Report will include the Case Type, Lead quality, and rate (if other than at the Term Sheet Rate) for Leads received in the prior week and/or qualified in the prior week after initial rejection. Leads for which Sokolove has not made a final lead qualification determination will be listed with lead quality "0". Leads with lead quality not meeting the Lead Qualification Criteria are rejected. The Weekly Report will be deemed to be accepted by Supplier except for any items Supplier raises to Sokolove in good faith within five days after email date.

5) **Rates and payment**. Sokolove will compensate Supplier on a per Qualified Lead basis at the rates in the Term Sheet(s) ("**Rates**"), subject to any applicable the Qualified Lead Limits. If Sokolove accepts a Lead for a case type that is not the subject of the Term Sheet, Sokolove will credit Supplier at the Rate in the Term Sheet (or at Sokolove's then-current digital PI rate for such case type, if less), and the Lead will otherwise be subject to this Agreement. Sokolove will not reimburse Supplier for any expenses or make any other payments to Supplier of any nature. Supplier will invoice Sokolove for the Qualified Leads set out in a Weekly Report within 60 days after receipt or as otherwise agreed by Sokolove.

6) **Non-exclusive arrangement; Exclusive Case Type supply**. Except as otherwise provided herein or in a Term Sheet, the supply arrangement herein is non-exclusive. Notwithstanding the forgoing, if the Term Sheet indicates that the Lead supply is exclusive ("**Exclusive Supply**"), Supplier will supply all Case Type Leads generated by or on behalf of Supplier until the Qualified Lead Limits are met.

7) **Independent contractor; subcontractors**. Supplier is an independent contractor and is not an employee, joint employee, co-employee, servant, agent, partner or joint venturer of Sokolove. Supplier has no authority to enter agreements or commitments on behalf of Sokolove or to bind Sokolove in any respect, and will not imply such authority to third parties. Supplier will not use affiliates or subcontractors to provide Leads hereunder without the express prior written consent of Sokolove's Chief Executive Officer or Chief Operating Officer, in Sokolove's sole discretion.

8) **Compliance with law**. Supplier represents, warrants, and agrees that Supplier will comply with all applicable federal, state, and local law, including but not limited to (i) ethical rules, codes, and the like applicable to the advertisement of legal services and/or generation and referral of leads for potential clients, (ii) consumer protections laws and FCC regulations including, but limited to the TCPA and CAN-SPAM Act, and (iii) any applicable legal requirements related to the privacy and security of personal information, including but not limited to M.G.L. c. 93H and the regulations set out in 201 CMR 17.00, as amended from time to time, it may receive, develop, store, license, or provide hereunder. In addition, Supplier will comply with industry best practices in generating and supplying Leads hereunder. Notwithstanding the foregoing, Supplier will not collect from Leads any social security numbers, credit card numbers, account numbers, or the like.

9) **Sokolove property**. Supplier will not use the name, trade names, marks, websites, domain names, urls, social media sites, phone numbers, addresses, or any other information, content, materials, or other property of, from, or about Sokolove or its affiliates ("**Sokolove Property**") in any way or in any media unless approved in writing by Sokolove's Chief Executive Officer or Chief Operating Officer (and only on the conditions so approved). Without limiting the generality of the foregoing, Supplier may not, whether to generate Leads or otherwise:

a) own, maintain, or register any domain or email address that includes or uses Sokolove Property in any way or any variations/misspellings thereof;

b) use Sokolove Property or variations/misspellings thereof in meta tags, hidden text, source code, HTML tags, including, but not limited to, page titles, or HTML comment tags;

c) bid on, create, use, or register names, brands, marks confusingly similar to, any Sokolove Property (including without limitation any names, brands, trade names, or marks, or common misspellings) on any pay-for-placement engines, content networks, portals, or other search engines (such as, without limitation, AOL.com, Yahoo.com (overture), MSN.com, Google.com, netscape.com, and the like);

d) implement direct linking from any purchased keywords or search terms to Sokolove Property or use Sokolove Property as the content and/or display url in any search, display or content network campaign (sponsored or otherwise);

e) place links to or otherwise use Sokolove Property in social media

sites (e.g., Facebook, MySpace, and Twitter), newsgroups, message boards, email, spam, banner networks, counters, chatrooms, guestbooks, IRC channels or through similar Internet resources; or

f) otherwise use or harm the reputation or value of Sokolove Property.

10) **Confidentiality**.

a) Supplier may receive, develop, learn, or have access to, in trust and confidence, non-public confidential and proprietary business information of Sokolove, its affiliates, related entities, and/or their respective principals ("**Sokolove Parties**"), in written, electronic, oral, or any other format ("**Confidential Information**"). Confidential Information includes, without limitation, the Leads provided to Sokolove and all related personal and other qualification information and other data, and the existence and terms of this Agreement, including but not limited to the Case Types, Lead Qualification Criteria, and Rates. Confidential Information does not include any information that is or becomes generally available to the public (other than as a result of Supplier's direct or indirect disclosure) or is independently developed by Supplier without breach hereof.

b) During the term of this Agreement and thereafter, Supplier will not directly or indirectly (i) disclose any Confidential Information to anyone outside Sokolove or Sokolove's contractors, if authorized by Sokolove, except to Supplier's employees on a need to know basis (and only after they have agreed in writing to the terms hereof) or (ii) use Confidential Information for any purpose other than supplying Leads to and for the benefit of Sokolove. Supplier will use best efforts to protect the security of Confidential Information. Supplier may disclose that portion of Confidential Information to the extent required by judicial process if Supplier timely notifies Sokolove of such process prior to disclosure and cooperates if Sokolove elects to contest such disclosure.

11) **Indemnification**. Supplier will indemnify and hold harmless Sokolove, its affiliates (including but not limited to The Law Offices of James Sokolove, Sokolove Law, LLP, and Digital Strategery, LLC), and their respective principals, officers, partners, members, managers, employees, contractors, agents, successors and assigns, from claims, allegations, suits, liabilities, damages, penalties, attorneys fees, and costs, of any nature, in law or equity, arising from breach of the "Compliance with law," "Confidentiality," or "Sokolove property" Sections, and from any collection activities.

12) **Third party beneficiaries**. Sokolove is the sole party responsible for payment, but its rights and remedies also benefit its affiliates.

13) **Non-solicitation**. During the term of this Agreement and for twelve (12) months thereafter, Supplier will not directly or indirectly (i) solicit, hire or engage the services of any employee of Sokolove or its affiliates, or (ii) solicit or encourage any client, co-counsel law firm (i.e., a firm to which Sokolove refers leads), or vendor to terminate or otherwise modify adversely its business relationship with Sokolove or its affiliates.

14) **Term and termination**. These Terms and Conditions are effective on the date the last party signs (or the first Term Sheet's Effective Date, whichever is earlier) and continue until terminated by either party on at least thirty days advance written notice, at any time, with or without cause. Each Term Sheet will be effective on its Effective Date and will terminate when its Qualified Lead Limits are met. Notwithstanding the foregoing, Sokolove may terminate a Term Sheet at any time and for any reason on notice to Supplier. Any termination of these Terms and Conditions will not be effective until all Term Sheets are terminated. The Sections titled "Rates and payment," "Compliance with law," "Confidentiality," "Sokolove property," "Indemnification," "Third party beneficiaries," "Non-solicitation," "Term and termination," and "Remedies of Sokolove," survive such termination, along with any other terms which by their nature should so survive.

15) **Remedies of Sokolove**. The "Confidentiality," "Sokolove property," and "Non-solicitation" Sections are intended to protect Sokolove's interest in Sokolove Property, goodwill, and established relationships, are reasonable and appropriate for this purpose, and Supplier's breach thereof will cause substantial and irreparable harm to Sokolove. In the event of any such actual or threatened breach, in addition to any other legal or equitable remedies, Sokolove will be entitled to an injunction restraining Supplier's breach and Supplier's payment of all associated costs and attorneys' fees, without impact on Supplier's other obligations.

16) **Miscellaneous**.

a) This Agreement, which includes the Term Sheet(s) and these Terms and Conditions, (i) is the complete agreement of the parties and supersedes all earlier agreements regarding digital-based per inquiry lead supply, and (ii) may not be modified except by mutual written agreement signed by a Sokolove executive officer. Supplier terms, including in an invoice, insertion order, or online, will not apply.

b) This Agreement is governed by and construed in accord with Massachusetts law, without regard to choice of law principles, and federal and state courts located in Massachusetts are the exclusive forum and venue for any related dispute.

c) This Agreement will be binding on and shall inure to the benefit of the parties and their successors and assigns, provided that Supplier may not assign it without the prior written consent of Sokolove, in Sokolove's sole discretion.

d) All notices will be sent by receipted overnight delivery service with a nationally recognized courier, effective when received (or on the day after deposit with such courier, if sooner), and addressed to the party's Chief Executive Officer with a copy "Attention General Counsel" at the address in the most recent Term Sheet. Supplier agrees to service of process according to the preceding process for notices.

e) This Agreement is the result of full negotiation between the parties, and should not be construed against either party as drafter. Agreement provisions are severable, and an unenforceable provision will (i) be modified to be enforceable to the maximum extent permitted and (ii) not invalidate or otherwise affect any other provision. A party's waiver of a breach will not be construed as waiver of a subsequent breach. The Terms and Conditions prevail over any inconsistent term of any Term Sheet; the terms in a Term Sheet do not apply to any other Term Sheet. Terms in a Supplier invoice shall have no effect. Headings have no interpretative effect.

IN WITNESS WHEREOF, the parties have duly authorized, executed and delivered these Terms and Conditions as of the Effective Date.

| Supplier | Sokolove Law, LLC |
|---|---|
| By: _____ (DocuSigned) | By: _____ (DocuSigned) |
| Name: Brent Cushman | Name: Dian Dulberger |
| Title: President | Title: Chief Marketing Officer |
| Date: 9/29/2023 | Date: 9/30/2023 |

# EXHIBIT B



**Virginia Bell Flynn**
D 704.916.1509
virginia.flynn@troutman.com

November 22, 2024

**VIA FEDEX**

Blazen Media LLC
Attn: Brent N. Cushman
1804 Garnet Ave., Suite 727
San Diego, CA 92109

Blazen Media LLC
c/o Registered Agent LegalZoom, Inc.
Attn:    Joyce Yi
          Sandra Menjivar
          Jesse Camarena
          Arielle Devay
500 N Brand Blvd.
Glendale, CA 91203

    **Re:**    *Cunningham v. Sokolove Law, et al.* **(M.D.N.C.)**
            **Demand for Indemnification**

Dear Mr. Cushman:

    Troutman Pepper represents Sokolove Law, LLC ("Sokolove Law").  Sokolove and one of its principals, Ricky A. LeBlanc (collectively, "Sokolove"), have been named as Defendants in a class action Complaint filed by Craig Cunningham ("Plaintiff").  We are writing on behalf of Sokolove to demand formally that Brent Nils Cushman d/b/a Blazen Media LLC ("Blazen"): (1) assume the defense of Sokolove in the action; (2) fully indemnify and hold Sokolove harmless in the action; and (3) reimburse Sokolove for its attorneys' fees and expenses incurred so far relating to the action.

    In light of the allegations made against Sokolove, the Sokolove Law, LLC PI Standard Terms and Conditions ("Terms and Conditions"), a copy of which is enclosed herewith, unequivocally requires that Blazen fully indemnify and hold harmless Sokolove in the above matter.

    <u>The Allegations in the Complaint</u>

    Plaintiff has filed a Class Action Complaint against Sokolove in the Middle District of North Carolina with claims stemming from calls allegedly received on his cellular telephone regarding potential legal claims related to Camp Lejeune.  Plaintiff contends that he received telemarketing calls, without his prior express written consent, made to his cellular phone with an automatic


telephone dialing system in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* ("TCPA"), and made without an appropriate do-not-call policy in place. He further contends that he received telephone solicitations in violation of North Carolina Telephone Solicitations Act, N.C. Gen. Stat. § 75-102. Based on those allegations, Plaintiff seeks recovery on a class basis, including statutory damages of $500 for each violation of the TCPA, damages of $1,500 for each willful violation of the TCPA, and statutory damages up to $5,000 per call for each successive violation of North Carolina law. Notably, both statutes permits damages on a per call basis. Sokolove has investigated Plaintiff's allegations and determined that Plaintiff's information, including his prior express written consent to receive marketing messages, originated from Blazen.

### The Plain Language of the Terms and Conditions Requires Indemnification

Section 11 of the Terms and Conditions, entitled "Indemnification," provides: "[Brent Nils Cushman d/b/a Blazen Media LLC] will indemnify and hold harmless Sokolove . . . and their respective principals, officers, partners, members, managers, employees, contractors, agents, successors and assigns, from claims, allegations, suits, liabilities, damages, penalties, attorneys fees, and costs, of any nature, in law or equity, arising from breach of the 'Compliance with law,' Section[ ] . . . ." Further, Section 8, entitled "Compliance with law," provides: "[Brent Nils Cushman d/b/a Blazen Media LLC] represents, warrants, and agrees that [Brent Nils Cushman d/b/a Blazen Media LLC] will comply with all applicable federal, state, and local law, including but not limited to . . . (ii) consumer protection laws and FCC regulations including, but not limited to the TCPA and CAN-SPAM Act . . . ." Accordingly, Blazen agreed in the Terms and Conditions that it would follow all applicable laws, including the TCPA and would indemnify Sokolove Law and its principals from any claims arising from the failure to follow the TCPA. Thus, the present situation clearly falls within the plain language of the indemnification obligations of the Terms and Conditions.

If Blazen denies its indemnification obligations, please explain in detail your good-faith basis for doing so in light of the above provisions of the Terms and Conditions. If such denial occurs, Sokolove will file a cross-claim against Blazen seeking indemnification for all costs, expenses, damages, and attorney's fees associated with the action, including expenses incurred in filing the cross-claim itself. Sokolove is confident that it will prevail on such a claim. Any such sequence of events will only increase the cost to Blazen associated with the action.

Accordingly, we would appreciate your signing below expressing Blazen's agreement with the terms described herein and send the originally signed document to us by overnight mail. If we do not receive this letter signed **before December 2, 2024**, please be advised that Sokolove will pursue its legal remedies against Blazen to recover all of its current and future losses, costs, expenses, damages and attorney's fees associated with the action. Sokolove hopes that this will be unnecessary.

We look forward to hearing from you.



Sincerely,

Virginia Bell Flynn

Enclosure

cc:  Chad R. Fuller, Esq.
     Brooke K. Conkle, Esq.



**Brent Nils Cushman d/b/a Blazen Media LLC hereby agrees to: (1) assume the defense of Sokolove Law, LLC and Ricky A. LeBlanc ("Sokolove") in this action; (2) acknowledge its contractual obligation to fully indemnify and hold Sokolove harmless in this action; and (3) reimburse Sokolove for all of its present and future out of pocket expenses incurred in its defense of this matter, including all attorney's fees.**

**By:** _____

**Name:** _____

**Title:** _____

**Date:** _____

# EXHIBIT C

Troutman Pepper Locke LLP
301 S. College Street, 34th Floor
Charlotte, NC 28202

troutman.com



**Virginia B. Flynn**
D 704.916.1509
F 704.998.4051
virginia.flynn@troutman.com

January 10, 2025

**VIA FEDERAL EXPRESS DELIVERY**

Blazen Media LLC
Attn: Brent N. Cushman
1804 Garnet Ave., Suite 727
San Diego, CA 92109

Blazen Media LLC
c/o Registered Agent LegalZoom, Inc.
Attn:   Joyce Yi
        Sandra Menjivar
        Jesse Camarena
        Arielle Devay
500 N Brand Blvd.
Glendale, CA 91203

Blazen Media LLC
Attn: Brent N. Cushman
4352 Pine Ridge Parkway NE
Apt. 202
Grand Rapids, MI 49525-1959

**Re:**   *Cunningham v. Sokolove Law, et al.* **(M.D.N.C.)**
         Second Demand for Indemnification

Dear Mr. Cushman:

This letter serves as a follow up to our correspondence of November 22, 2024 notifying you of Sokolove Law, LLC's ("Sokolove Law") formal demand for indemnification in the above-referenced matter. The Sokolove Law, LLC PI Standard Terms and Conditions ("Terms and Conditions") unequivocally require that you fully indemnify and hold harmless Sokolove in the above matter.

**If we do not receive confirmation that you will defend and indemnify Sokolove in this matter by January 17, 2025, Sokolove will file a cross-claim or initiate other legal action to enforce its rights under the Terms and Conditions, including recovery of all fees and costs that have accrued and continue to accrue.**

**Blazen Media LLC**
January 10, 2025
Page 2



As I am sure you understand, additional correspondence or refusals to honor your obligations under the Terms and Conditions will only serve to increase the costs and expenses already incurred by Sokolove in this matter, for which you are responsible.

We look forward to hearing from you.

Sincerely,

Virginia Bell Flynn

cc: Chad R. Fuller, Esquire
Brooke K. Conkle, Esquire