IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No: 1:24-CV-00221

| | |
|---|---|
| CRAIG CUNNINGHAM,<br><br>*Plaintiff*,<br><br>v.<br><br>WALLACE & GRAHAM, P.C., MONA LISA WALLACE, BILL GRAHAM, WHITNEY WALLACE WILLIAMS, MARK P. DOBY, RHINE LAW FIRM, P.C., JOEL R. RHINE, SOKOLOVE LAW, LLC,<br><br>*Defendants*. | SOKOLOVE LAW'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT |
| SOKOLOVE LAW, LLC,<br><br>*Cross-Plaintiff*,<br><br>v.<br><br>BRENT NILS CUSHMAN and BLAZEN MEDIA, LLC,<br><br>*Third-Party Defendants*. | |

Defendant Sokolove Law, LLC, ("Sokolove Law"), by counsel and pursuant to Fed. R. Civ. P. 14(a), hereby submits its Memorandum in Support of its Motion for Leave to File a Third-Party Complaint ("Motion for Leave") against Third-Party Defendants Brent Nils Cushman ("Cushman") and Blazen Media, LLC ("Blazen Media"). A copy of Sokolove Law's proposed third-party Complaint is attached hereto as **Exhibit A**.

## INTRODUCTION

This Court should grant leave for Sokolove Law to file a third-party Complaint against Cushman and Blazen Media because both contractually promised to indemnify Sokolove Law for any alleged violations of law – such as Plaintiff Craig Cunningham's Complaint – following Sokolove Law's demand for indemnity. Sokolove Law has repeatedly and consistently demanded that Cushman and Blazen Media uphold their end of the bargain. Cushman and Blazen Media have failed to do so, and Sokolove Law is entitled to file a third-party Complaint.

## BACKGROUND

On September 30, 2023, Sokolove Law entered into an agreement with Cushman and Blazen Media to supply qualified leads of persons interested in pursuing a legal claim related to Camp Lejeune water contamination. Under the PI Standard Terms and Conditions (the "Agreement"), attached hereto as **Exhibit B**, Cushman and Blazen Media agreed to supply Sokolove Law with qualified leads of potential clients and, in procuring those leads, they represented and warranted that they would comply with all applicable laws. (*Id.* at 1.) Cushman and Blazen Media further agreed to indemnify Sokolove Law against any claims related to Cushman's and Blazen Media's services. (*Id.* at 2.)

Cushman and Blazen Media provided "Craig Smith's" information to Sokolove Law as a qualified lead. Unbeknownst to Sokolove Law, "Craig Smith" was actually

Craig Cunningham, a noted serial filer of complaints under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* ("TCPA").[1]

On March 12, 2024, Cunningham filed a Complaint against Sokolove Law and the other Defendants in this Court. (ECF No. 1.) Cunningham alleges that he received telephone calls from Sokolove Law without prior express written consent, in violation of the TCPA and North Carolina Telephone Solicitation Act, N.C. Gen. Stat. §§ 75-101, *et seq*. (*Id.* at ¶¶ 84-100.) These allegations fall within the warranties provided by Cushman and Blazen Media in the Agreement and, should Sokolove Law be found liable for any of the claims in Cunningham's Complaint, Cushman and Blazen Media will be responsible for Cunningham's recovery.

Throughout this litigation, Sokolove Law has repeatedly demanded that Cushman and Blazen Media indemnify Sokolove Law as required under the Agreement. On November 11, 2024, Sokolove Law sent a Demand for Indemnification ("First Demand") to Cushman and Blazen Media, formally demanding that Cushman and Blazen Media assume the defense of Sokolove Law in the action, fully indemnify and hold Sokolove Law harmless in the action, and reimburse Sokolove Law for its attorneys' fees and expenses incurred so far relating to the action. A copy of the First Demand is attached hereto as **<u>Exhibit C</u>**. Sokolove Law later sent its Second Demand for Indemnification to Cushman and Blazen Media. A copy of the Second Demand is attached hereto as

---

[1] *See* "Better Off Deadbeat," *The Dallas Observer*, Jan. 21, 2020, available at https://www.dallasobserver.com/news/better-off-deadbeat-craig-cunningham-has-a-simple-solution-for-getting-bill-collectors-off-his-back-he-sues-them-6419391 (last visited Mar. 11, 2025).

**Exhibit D**.  Sokolove Law has also attempted to contact Cushman by telephone, without response.  Every demand for indemnity, both formal and informal, has gone unanswered.

## ARGUMENT

Rule 14 of the Federal Rules of Civil Procedure governs third-party practice.  "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."  Fed. R. Civ. P. 14(a)(1).  Requests for leave should "be liberally construed in order to achieve [the] purpose of accomplishing in one proceeding the adjudication of the rights of all persons concerned in the controversy and to prevent the necessity of trying several related claims in different lawsuits."  *Laughlin v. Dell Fin. Servs., L.P.*, 465 F. Supp. 2d 563, 565 (D.S.C. 2006) (internal quotations omitted); *see Noland Co. v. Graver Tank & Mfg. Co.*, 301 F.2d 43, 50 (4th Cir. 1962); *accord Wright v. Bigger*, 2008 U.S. Dist. LEXIS 92416 (N.D.W. Va. Nov. 13, 2008).  Whether to "permit a defendant to file a third-party complaint 'is left to the informed discretion of the district court, which should allow impleader on any colorable claim of derivative liability that will not unduly delay or otherwise prejudice the ongoing proceedings."  *Winter v. Bluewater Assocs. of Emerald Isle, Inc.*, No. 4:23-CV-101-BO-RN, 2024 U.S. Dist. LEXIS 59866, at *9 (E.D.N.C. Apr. 1, 2024) (quoting *Lehman v. Revolution Portfolio LLC*, 166 F.3d 389, 393 (1st Cir. 1999)); *see Noland Co.*, 301 F.2d at 50 ("One of the primary objectives of third-party procedure is to avoid circuity and multiplicity of actions.").  Requests to implead should be liberally granted, so long as granting the motion will not prejudice the plaintiff, introduce unrelated issues, or lead to undue complication of the suit.  *See Winter*, 2024

U.S. Dist. LEXIS 59866, at *9 (citing *Dishong v. Peabody Corp.*, 219 F.R.D. 382, 385 (E.D.Va. 2003)).

Claims for indemnity are especially well-suited for third-party practice. "Typically, proper third party claims involve one joint tortfeasor impleading another, an indemnitee impleading an indemnitor, or a secondarily liable party impleading one who is primarily liable." *Watergate Landmark Condominium Unit Owners' Asso. v. Wiss, Janey, Elstner Associates, Inc.,* 117 F.R.D. 576, 578 (E.D. Va. 1987).

Here, a third-party Complaint is necessary for multiple reasons. First, Cunningham's claims against Sokolove Law (and all of the Defendants) are predicated on the information provided to Sokolove Law by Cushman and Blazen Media. Second, should the Court enter judgment against Sokolove Law, Cushman and Blazen Media will be contractually liable for that judgment. Third, granting Sokolove Law's motion will not prejudice Cunningham.

The joinder of Cushman and Blazen Media satisfies the basic purpose of third-party procedure. Granting leave to file a third-party complaint will maximize judicial resources and serve the interests of justice by resolving the dispute with all interested parties at the same time. *Kopan v. George Washington University*, 67 F.R.D. 36, 38 (D.D.C. 1975) ("Rule 14 was designed to increase judicial efficiency and to effectuate a more expeditious administration of justice."). This procedure saves time and expense of duplicative litigation, avoids needless delay, and obtains consistent results from identical or similar evidence. Further, the issue of indemnification is either derivative of or secondary to Plaintiff's claims and is dependent on the outcome of Plaintiff's claims

against Sokolove Law and the other Defendants. *See Great W. Cas. Co. v. ACE Am. Ins. Co.*, No. 1:21-cv-338, 2023 U.S. Dist. LEXIS 35491, at *17 (M.D.N.C. Mar. 3, 2023).

## CONCLUSION

WHEREFORE, Defendant Sokolove Law, LLC requests that the Court grant its Motion for Leave to File a Third-Party Complaint, enter the Complaint attached hereto as **Exhibit A** on the Court's docket, and grant any further relief the Court deems necessary and proper.

Respectfully submitted, this __ day of March, 2025.

        **SOKOLOVE LAW, LLC**

        By: */s/ Virginia Bell Flynn*
        Virginia Bell Flynn (N.C. State Bar No. 59109)
        TROUTMAN PEPPER LOCKE LLP
        301 South College Street, Suite 3400
        Charlotte, North Carolina 28202
        Telephone: 704-916-1509
        Facsimile: 704-998-4051
        Email: virginia.flynn@troutman.com

        *Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of March 2025, I electronically filed the foregoing *Memorandum in Support of Sokolove Law's Motion for Leave to File a Third-Party Complaint* with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

By: */s/ Virginia Bell Flynn*
Virginia Bell Flynn (N.C. State Bar No. 59109)