**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

```
CRAIG CUNNINGHAM,              )
                               )
          Plaintiff,           )
                               )
     v.                        )     1:24cv221
                               )
WALLACE & GRAHAM, P.A., et al.,)
                               )
          Defendants.          )
```

**ORDER**

This case comes before the Court on "Sokolove Law's Motion for Leave to File Third-Party Complaint" (Docket Entry 22) (the "Motion"). Through the Motion, Sokolove Law, LLC seeks leave to file a third-party complaint for indemnification against "Brent Nils Cushman and Blazen Media, LLC" (id. at 2).[1] (See id. at 1; see also Docket Entry 22-1 (proposed Third-Party Complaint).)

Under Rule 14(a) of the Federal Rules of Civil Procedure (the "Rules"), "[a] defending party may, as third-party plaintiff, serve a . . . complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). Where, as here, the party seeks to serve such "third-party complaint more than 14 days after serving its original answer," the party must first "obtain the [C]ourt's leave." Id.[2] Whether to

---

[1] Docket Entry page citations utilize the CM/ECF footer's pagination.

[2] Sokolove Law filed its answer on May 29, 2024, more than nine months before filing the Motion. (Compare Docket Entry 9 at 20, with Docket Entry 22 at 2.)

grant such leave rests in the Court's "sound discretion." Baltimore & O. R. Co. v. Saunders, 159 F.2d 481, 483 (4th Cir. 1947).

Designed "to avoid delay and needless multiplicity of actions," id. at 484, Rule 14 authorizes third-party claims that qualify as "'derivative' of the plaintiff's claim" against the defendant, Scott v. PPG Indus., Inc., No. 89-2362, 920 F.2d 927 (table), 1990 WL 200655, at *3 (4th Cir. 1990) ("[T]he third-party claim must be dependent on or related to the initial plaintiff's claim against the defendant . . . ."). As such, "proper third party claims involve one joint tortfeasor impleading another, an indemnitee impleading an indemnitor, or a secondarily liable party impleading one who is primarily liable." Watergate Landmark Condo. Unit Owners' Ass'n v. Wiss, Janey, Elstner Assocs., Inc., 117 F.R.D. 576, 578 (E.D. Va. 1987); see also Barab v. Menford, 98 F.R.D. 455, 456 (E.D. Pa. 1983) (explaining that, "under Rule 14(a), a third-party complaint is appropriate only in cases where the proposed third-party defendant would be secondarily liable to the original defendant in the event the latter is held to be liable to the plaintiff"). Here, Sokolove Law seeks indemnification from Cushman and Blazen Media for the claims that Craig Cunningham, the plaintiff, pursues against Sokolove Law in this matter. (See Docket Entry 22-1 at 1-20.) Sokolove Law's proposed third-party complaint thus qualifies as appropriate under Rule 14(a). See,

2

e.g., Fed. R. Civ. P. 14(a)(1) (authorizing third-party claims against "a nonparty who is or may be liable to [a defendant] for all or part of the claim against it"). "Furthermore, this Court notes that the [M]otion was timely filed," Wright v. Bigger, No. 5:08cv62, 2008 WL 4900566, at *1 (N.D. W. Va. Nov. 13, 2008), as the deadline for seeking leave to join parties has not yet elapsed (see Docket Entries dated Jan. 22, 2025 (establishing April 30, 2025, as deadline for seeking leave to amend pleadings and join parties)).[3]

**IT IS THEREFORE ORDERED** that the Motion (Docket Entry 22) is **GRANTED**. Sokolove Law shall file its proposed third-party complaint (Docket Entry 22-1) by April 28, 2025.

This 21st day of April, 2025.

                              /s/ L. Patrick Auld
                                **L. Patrick Auld**
                    **United States Magistrate Judge**

---

[3] Indeed, "the parties [explicitly] request[ed] an extended deadline to amend pleadings due to the necessity of potentially joining Blazen Media and/or Mr. Cushman" in this action. (Docket Entry 18 at 4.)