IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No: 1:24-CV-00221

| | |
|---|---|
| CRAIG CUNNINGHAM,<br><br>*Plaintiff*,<br><br>v.<br><br>WALLACE & GRAHAM, P.C., MONA LISA WALLACE, BILL GRAHAM, WHITNEY WALLACE WILLIAMS, MARK P. DOBY, RHINE LAW FIRM, P.C., JOEL R. RHINE, SOKOLOVE LAW, LLC,<br><br>*Defendants*. | SOKOLOVE LAW'S THIRD-PARTY COMPLAINT AGAINST BRENT NILS CUSHMAN AND BLAZEN MEDIA, LLC |
| SOKOLOVE LAW, LLC,<br><br>*Third-Party Plaintiff*,<br><br>v.<br><br>BRENT NILS CUSHMAN and BLAZEN MEDIA, LLC,<br><br>*Third-Party Defendants*. | |

Defendant Sokolove Law, LLC, ("Sokolove Law"), by counsel and pursuant to Federal Rule of Civil Procedure 14, hereby submits its Complaint against Third-Party Defendants Brent Nils Cushman ("Cushman") and Blazen Media, LLC ("Blazen Media") and states as follows:

## INTRODUCTION

1. This litigation is about Cushman and Blazen Media's failure to indemnify Sokolove Law after Craig Cunningham ("Plaintiff") deceitfully posed as "Craig Smith" in order to encourage telephone calls from Defendant Sokolove Law. No other defendant in this litigation, including Wallace & Graham, P.C., Mona Lisa Wallace, Bill Graham, Whitney Wallace Williams, Mark P. Doby, Rhine Law Firm, P.C., or Joel R. Rhine, were involved in or had direction over the calls Plaintiff alleges he received from Sokolove Law.

2. Instead, Cushman and Blazen Media represented to Sokolove Law that "Craig Smith" provided his prior express written consent to receive calls and expressed legitimate interest in legal representation to bring a claim based on the toxic water at Camp Lejeune. Cushman and Blazen Media knew that Sokolove Law would only accept referrals obtained through processes that complied with federal and state law, and Cushman and Blazen Media agreed in the parties' contract that all referrals would meet these standards. Sokolove Law would not have accepted "Craig Smith's" information absent these representations.

## PARTIES

3. Defendant/Third-Party Plaintiff Sokolove Law is a Delaware based law firm with a principal place of business in the Commonwealth of Massachusetts.

4. Based on information and belief, Brent Nils Cushman is an individual residing in Grand Rapids, Michigan.

5. Based on information and belief, Blazen Media is a California corporation with a principal place of business in San Diego, California.

**JURISDICTION**

6. This Court has subject matter jurisdiction over Sokolove Law's claims against Cushman and Blazen Media pursuant to 28 U.S.C. § 1331 because this is a civil action arising under federal law. *See* 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs. LLC*, 132 S.Ct. 740 (2012).

7. This Court has supplemental jurisdiction over the claims asserted in this third-party complaint pursuant to 28 U.S.C. § 1367(a).

8. Venue is conferred by 28 U.S.C. § 1391 because the claims at issue in this litigation are alleged to have occurred in this District.

**BACKGROUND**

9. On September 30, 2023, Sokolove Law entered into a Campaign Agreement (the "Agreement") with Cushman, doing business as Blazen Media. Under the terms of the Agreement, Cushman agreed to supply Sokolove Law with qualified leads of potential clients who expressed interest in pursuing a legal claim related to the toxic water at Camp Lejeune. A copy of the Agreement is attached hereto as **Exhibit A**.

10. Cushman knew that Sokolove Law was only interested in legitimate inquiries for legal representation and that Sokolove Law would only call those individuals who expressed a genuine interest in filing a Camp Lejeune claim.

11. Consequently, Cushman represented in the Agreement that he would only provide – and that Sokolove Law would only accept – qualified leads, defined as "legitimate and sincere inquiries" for legal services provided by Sokolove Law. Ex. A at ¶ 2(a).

12. In Paragraph 8 of the Agreement, Cushman agreed that he and Blazen would comply with all federal law, including the TCPA. Specifically, Cushman agreed that he would:

> [C]omply with all applicable federal, state, and local law, including but not limited to (i) ethical rules, codes, and the like applicable to the advertisement of legal services and/or generation and referral of leads for potential clients, (ii) consumer protection laws and FCC regulations including, but not limited to the TCPA and CAN-SPAM Act, and (iii) any applicable legal requirements related to the privacy and security of personal information, including but not limited to M.G.L. c. 93H and the regulations set out in 201 CMR 17.00, as amended from time to time, it may receive, develop, store, license, or provide hereunder.

Ex. A at ¶ 8.

13. Cushman further agreed that he would indemnify and hold harmless Sokolove Law and its affiliates for any "claims, allegations, suits, liabilities, damages, penalties, attorneys fees, and costs, of any nature, in law or equity," arising from any breach of Paragraph 8. Ex. A at ¶ 11.

14. Cushman and Blazen Media relayed to Sokolove Law that, on July 25, 2023, a person named "Craig Smith" had expressed interest in representation from Sokolove Law related to Camp Lejeune claims. Blazen Media provided Craig Smith's information to Sokolove Law, confirming that "Craig Smith" provided his telephone number and provided written consent to be contacted at that telephone number regarding his interest in potential legal representation related to Camp Lejeune claims.

15. On March 12, 2024, Plaintiff filed suit in this Court, ECF No. 1, contending that he received 47 unsolicited "telemarketing calls/messages" from Sokolove Law related

to Camp Lejeune claims. The Complaint relates to calls Plaintiff alleges he received without prior express written consent. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* and the North Carolina Telephone Solicitation Act, 75 N.C. Gen. Stat. §§ 75-101, *et seq*.

16. The allegations in Plaintiff's Complaint fall squarely within the warranties provided by Cushman and Blazen Media in the Agreement.

17. Sokolove Law has made multiple demands, both formally and informally, for full indemnification from Cushman and Blazen Media. *See* November 22, 2024 Letter, attached hereto as **Exhibit B**; January 10, 2025 Letter, attached hereto as **Exhibit C**. Notwithstanding these demands, Cushman and Blazen Media have refused to abide by their contractual obligations and have failed to indemnify Sokolove Law.

## COUNT I
### Breach of Contract

18. Sokolove Law incorporates the allegations of the foregoing paragraphs as if fully set forth herein.

19. The Agreement between Cushman and Blazen Media, on the one hand, and Sokolove Law on the other, is a valid and enforceable contract.

20. Sokolove Law has fully performed all of its obligations under the Agreement.

21. Sokolove Law has made written demands for full indemnification from Cushman and Blazen Media.

22. If the Court finds that Sokolove Law did not have prior express written consent to contact Craig Smith or Plaintiff as Plaintiff alleges in the Complaint, Cushman

and Blazen Media have materially breached their obligations under the Agreement by their acts and omissions, including, but not limited to, failing to provide a qualified lead in accordance with all applicable laws, failing to indemnify Sokolove Law upon Sokolove Law's demand, and failing to pay all losses and expenses incurred by Sokolove Law in its defense of this action, including Sokolove Law's attorneys' fees and costs.

23. As a direct and proximate result of the breach of contract by Cushman and Blazen Media, Sokolove Law has incurred and continues to incur damages, costs, expenses, and attorneys' fees in connection with the defense of this lawsuit, including in connection with this third-party Complaint.

## COUNT II
### Negligent Misrepresentation

24. Sokolove Law incorporates the allegations of the foregoing paragraphs as if fully set forth herein.

25. Cushman and Blazen Media represented to Sokolove Law that they obtained consumers' prior express written consent to receive communications and, in doing so, complied with all applicable laws and regulations. In addition to the Agreement, Blazen Media represented on its website:

> We protect our clients! All of our live transfer leads are scrubbed for the Do Not Call (DNC) list, are TCPA compliant, and are vigorously blocked from serial litigators. . . . [A]ll of our data used for campaigns is opt-in only data with a Jornaya token attached to each consumer request for extra security and protection for us and our clients!"

26. If the Court finds that Sokolove Law did not have prior express written consent to contact Craig Smith or Plaintiff as Plaintiff alleges in the Complaint, Cushman

and Blazen Media made false representations of fact by providing the telephone number as a qualified lead.

27. If the Court finds that Sokolove Law did not have prior express written consent to contact Craig Smith or Plaintiff as Plaintiff alleges in the Complaint, Cushman and Blazen Media, in making the false representations of fact to Sokolove Law, knew or should have known that the representations were false, and therefore intended to deceive Sokolove Law.

28. If the Court finds that Sokolove Law did not have prior express consent to contact Craig Smith or Plaintiff as Plaintiff alleges in the Complaint, Sokolove Law relied to its detriment on information provided by Cushman and Blazen Media in calling the telephone number.

29. As a direct and proximate result of the conduct of Cushman and Blazen Media, Sokolove Law has and will suffer further damages related to the defense of Plaintiff's lawsuit.

## **PRAYER FOR RELIEF**

WHEREFORE, Sokolove Law, LLC demands judgment in its favor against the Third-Party Defendants as follows:

1. Ordering Brent Nils Cushman and Blazen Media to indemnify Sokolove for any liability which it may incur as a result of the claims set forth in Plaintiff's Complaint;

2. Ordering Brent Nils Cushman and Blazen Media to pay for damages incurred because of Plaintiff's lawsuit, including the amount of any judgment entered against Sokolove Law, LLC in favor of Plaintiff;

3. Awarding Sokolove Law, LLC its attorneys' fees, costs, and all other expenses incurred in the defense of the underlying lawsuit brought by Plaintiff and the prosecution of this Third-Party Complaint, plus interest; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted, this 22nd day of April, 2025.

                                  **SOKOLOVE LAW, LLC**

                                  By: */s/ Virginia Bell Flynn*
                                  Virginia Bell Flynn (N.C. State Bar No. 59109)
                                  TROUTMAN PEPPER LOCKE LLP
                                  301 South College Street, Suite 3400
                                  Charlotte, North Carolina 28202
                                  Telephone: 704-916-1509
                                  Facsimile: 704-998-4051
                                  Email: virginia.flynn@troutman.com

                                  *Counsel for Defendants*