IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
SALISBURY DIVISION
No. 1:24-cv-00221-TDS-LPA

| | |
|---|---|
| CRAIG CUNNINGHAM,<br><br>      Plaintiff,<br>v.<br><br>WALLACE & GRAHAM, P.A., MONA LISA WALLACE, BILL GRAHAM, WHITNEY WALLACE WILLIAMS, MARK P. DOBY, RHINE LAW FIRM, P.C., JOEL R. RHINE, SOKOLOVE LAW, LLC, AND RICKY A. LEBLANC<br><br>      Defendants. | **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR EXPEDITED RESOLUTION OF DISCOVERY DISPUTE** |

    Since late February and into early March of this year, Defendants and Plaintiff had been working constructively to set a date for Mr. Cunningham's deposition and mediate this matter. By email correspondence dated March 3, 2025, attached herein as Exhibit A, counsel for the Defendants agreed that they wanted to first attempt to mediate this matter in person in North Carolina, and, if mediation was unsuccessful, depose Mr. Cunningham in person in North Carolina the following day. Numerous telephone conversations and follow-ups with opposing counsel confirmed that this was the most prudent course of action and use of the parties' resources, given the geographic diversity of both parties and their counsel. Those communications continued throughout late March of 2025, with the most recent development on April 2, 2025, where counsel for the Defendants asked Plaintiff's counsel to inquire about the availability of former U.S. District Judge James Beaty. As such, it is patently false that the Plaintiff has refused to provide a date for his deposition, as the parties' understanding had been that the deposition would occur immediately after an unsuccessful mediation.

Then, on Wednesday, April 9, 2025, just 13 days ago, counsel for Defendants changed their tune, in spite of the aforementioned agreement on scheduling of depositions and demanded an immediate deposition date for the Plaintiff's deposition to be given no later than Friday, April 11, 2025, just two days later. The undersigned counsel for Plaintiff responded the following day, April 10, noting both two outstanding discovery matters on the Plaintiff's end which *still, to this day, have not been responded to*, noting the material change in position, and noting that neither Plaintiff nor his counsel were in a position to provide an immediate deposition date on such short notice, especially in light of the far longer obstruction of opposing counsel with respect to deposition scheduling and outstanding unverified interrogatory responses, which have been outstanding since March 6. That email thread ended on April 10, with Plaintiff's counsel noting that Mr. Rhine's, Rhine Law Firm's, and Sokolove Law Firm's interrogatory verifications remained.[1] *To this day*, that email has not been responded to, and neither Defendant Rhine, nor his law firm, have provided a verification to their interrogatory responses, more than a month after they were served. A true and correct copy of that email thread is attached herein as Exhibit B. Nor, for that matter, have Defendants confirmed nor stated anything about the Plaintiff's own depositions of Defendants currently scheduled for mid-May.

Nor is it true that the Plaintiff has "refused all other [mediator] suggestions made by the Defendants," and the first indication that the "Defendants ultimately agreed to mediate with [Judge Beaty]" is striking as it comes for the first time in the Defendants' instant motion filed April 16. To that end, the parties will be unable to mediate with Judge Beaty. Counsel for Plaintiff contacted Judge Beaty on April 3 and left a message, and again on April 10, when

---

[1] To be clear, once verifications are received, the Plaintiff will then conduct a meet and confer and may move to compel discovery responses as well, but he cannot do so in the face of unverified responses made without any person's accountability and in clear contravention of Rule 33(b)(3).

counsel confirmed that Judge Beaty has retired from doing mediations. Counsel for Plaintiff is prepared to go forward with a mediation before Jacqueline R. Clare, one of the Defendants' proposals. Whether Defendants remain willing to do so and clarify whether they intend to honor the previous arrangement is up to them.

As Plaintiff's counsel made clear in his April 10 email, Defendants and their counsel are entitled to change their position. In the event that their position has changed, however, Defendants should (1) make that position clear, (2) mutually be prepared to exchange deposition dates to allow both parties to reasonably, and collaboratively, schedule in-person depositions in a manner that minimizes travel burdens for those involved, and (3) provide verification pages for Mr. Rhine and the Rhine Law Firm's interrogatories, which such pages remain outstanding, despite responses having been served on March 6, 2025. Unfortunately, and also as outlined in the aforementioned correspondence, Defendants and their counsel seem to think that discovery is a one way street that justifies running to the court and filing the instant Motion, in contravention of the Local Rules, just 5 days after defense counsel's unilateral deadline demand, 6 days after counsel for Plaintiff's email, and 7 days after Defendants' initial email.

Plaintiff remains willing and open to a mutual and cooperative exchange of discovery and deposition dates, as well as potential mediation, if Defendants are so inclined. However, this Court should admonish the Defendants that mutuality is a key tenet in discovery that requires cooperation and mutuality of exchange from both sides. Plaintiff and his counsel remain willing to provide dates so long as this key tenet of mutuality is assured, particularly in light of the far longer outstanding production and issues to which the Plaintiff is also unquestionably entitled.

3

Case 1:24-cv-00221-TDS-LPA     Document 28     Filed 04/22/25     Page 3 of 4

RESPECTFULLY SUBMITTED AND DATED this April 22, 2025

        */s/ Andrew Roman Perrong*
        Andrew Roman Perrong, Esq.
        *Pro Hac Vice*
        Perrong Law LLC
        2657 Mount Carmel Avenue
        Glenside, Pennsylvania 19038
        Phone: 215-225-5529 (CALL-LAW)
        Facsimile: 888-329-0305
        a@perronglaw.com

        *Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 22, 2025, a copy of the foregoing was served electronically on counsel for the Defendants via CM/ECF

        */s/ Andrew Roman Perrong*
        Andrew Roman Perrong, Esq.
        *Pro Hac Vice*
        Perrong Law LLC
        2657 Mount Carmel Avenue
        Glenside, Pennsylvania 19038
        Phone: 215-225-5529 (CALL-LAW)
        Facsimile: 888-329-0305
        a@perronglaw.com

        *Attorney for Plaintiff*