# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### SALISBURY DIVISION
#### No. 24-cv-221

CRAIG CUNNINGHAM,

      Plaintiff,

v.

WALLACE & GRAHAM, P.A., MONA LISA
WALLACE, BILL GRAHAM, WHITNEY
WALLACE WILLIAMS, MARK P. DOBY,
RHINE LAW FIRM, P.C., JOEL R. RHINE,
SOKOLOVE LAW, LLC, AND RICKY A.
LEBLANC

      Defendants.

**PLAINTIFF'S RESPONSES TO
DEFENDANT SOKOLOVE LAW'S FIRST
SET OF DISCOVERY**

## PLAINTIFF'S RESPONSES TO DEFENDANT
## SOKOLOVE LAW'S FIRST SET OF DISCOVERY

      Pursuant to Rules 26, 34, and 36 of the Federal Rules of Civil Procedure, the Plaintiff

responds to the discovery propounded upon him by Defendant Sokolove Law LLC as follows.





## RESPONSES TO REQUESTS FOR ADMISSIONS

1.      Admit that you have resided in Texas for the past five years.

**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects insofar as this request seeks disclosure of the contents of attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. The Plaintiff objects to this request in that it asks the Plaintiff to characterize and summarize evidence in a single admission or denial. Notwithstanding the foregoing, Denied.

2.      Admit that you have not resided in North Carolina for any amount of time in the past five years.

**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects insofar as this request seeks disclosure of the contents of attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. The Plaintiff objects to this request in that it asks the Plaintiff to characterize and summarize evidence in a single admission or denial. Notwithstanding the foregoing, Denied.

3.      Admit that in the calendar year 2023, you had more than 10 cellular telephone numbers assigned to you.

**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this request in that it is harassing and argumentative. The Plaintiff objects insofar as this request seeks disclosure of the contents of attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. The Plaintiff objects to this request in that it assumes facts not in evidence. Relatedly, the Plaintiff objects insofar as any response to this request will be entered in evidence as support for the contention that the Plaintiff cannot produce evidence that did not exist as an initial matter. Accordingly, the Plaintiff cannot truthfully admit or deny this request insofar as its relevance to any claim or defense, cannot be proven through an admission, denial, or qualified denial. The Plaintiff objects to this request in that it intimates that either an affirmative or negative response is inappropriate, unlawful, untoward, nefarious, or otherwise improper. Plaintiff refuses to admit or deny on the basis of the foregoing objections.

4. Admit that you are the primary user of the cellular telephone number 615- 348-1977.

Designated confidential by Plaintiff

5. Admit that the primary purpose of your use of cellular telephone number 615-348-1977 was to receive calls that you allege were violations of the law.

**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this request in that it is harassing and argumentative. The Plaintiff objects to this request in that it assumes facts not in evidence. The Plaintiff objects insofar as this request seeks disclosure of the contents of attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Relatedly, the Plaintiff objects insofar as any response to this request will be entered in evidence as support for the contention that the Plaintiff cannot produce evidence that did

97

not exist as an initial matter. Accordingly, the Plaintiff cannot truthfully admit or deny this request insofar as its relevance to any claim or defense, cannot be proven through an admission, denial, or qualified denial. The Plaintiff objects to this request in that it intimates that either an affirmative or negative response is inappropriate, unlawful, untoward, nefarious, or otherwise improper. Plaintiff refuses to admit or deny on the basis of the foregoing objections.

      6.      Admit that cellular telephone number 615-348-1977 was a business phone line.

**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this request in that it is harassing and argumentative. Moreover, the request is vague and confusing in the specific time period to which it refers or what is meant by a "business phone line." For the same reasons, this request impermissibly requires the Plaintiff to make legal conclusions. The Plaintiff objects insofar as this request seeks disclosure of the contents of attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. The Plaintiff objects to this request in that it assumes facts not in evidence. Relatedly, the Plaintiff objects insofar as any response to this request will be entered in evidence as support for the contention that the Plaintiff cannot produce evidence that did not exist as an initial matter. Accordingly, the Plaintiff cannot truthfully admit or deny this request insofar as its relevance to any claim or defense, cannot be proven through an admission, denial, or qualified denial. The Plaintiff objects to this request in that it intimates that either an affirmative or negative response is inappropriate, unlawful, untoward, nefarious, or otherwise improper. Plaintiff refuses to admit or deny on the basis of the foregoing objections.

7.      Admit that cellular telephone number 615-348-1977 was not a personal phone line.

**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this request in that it is harassing and argumentative. The Plaintiff objects to this request in that it is deceptively worded as a double-negative. The Plaintiff objects insofar as this request seeks disclosure of the contents of attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Moreover, the request is vague and confusing in the specific time period to which it refers or what is meant by a "personal phone line." For the same reasons, this request impermissibly requires the Plaintiff to make legal conclusions. Plaintiff objects insofar as any response to this request will be used to side-step the confidentiality of the Plaintiff's phone number in this matter. The Plaintiff objects to this request in that it intimates that either an affirmative or negative response is inappropriate, unlawful, untoward, nefarious, or otherwise improper. Notwithstanding the foregoing, and designating the response as confidential, Denied.

8.      Admit that you never received a phone call, while physically present in the state of North Carolina, from the telephone number 786-758-3380.

**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this request in that it is harassing and argumentative. The Plaintiff objects to this request in that it is deceptively worded as a double-

negative. The Plaintiff objects insofar as this request seeks disclosure of the contents of attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. The Plaintiff objects to this request in that it assumes facts not in evidence. Relatedly, the Plaintiff objects insofar as any response to this request will be entered in evidence as support for the contention that the Plaintiff cannot produce evidence that did not exist as an initial matter, including irrelevant evidence because it is not a requisite element of any claim or defense. For the same reasons, this request impermissibly requires the Plaintiff to make legal conclusions. Accordingly, the Plaintiff cannot truthfully admit or deny this request insofar as its relevance to any claim or defense, cannot be proven through an admission, denial, or qualified denial. The Plaintiff objects to this request in that it intimates that either an affirmative or negative response is inappropriate, unlawful, untoward, nefarious, or otherwise improper. Plaintiff refuses to admit or deny on the basis of the foregoing objections.

9.      Admit that you never received a phone call, while physically present in the state of North Carolina, from the telephone number 310-579-4443.

**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this request in that it is harassing and argumentative. The Plaintiff objects to this request in that it is deceptively worded as a double-negative. The Plaintiff objects insofar as this request seeks disclosure of the contents of attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. The Plaintiff objects to this request in that it assumes facts not in evidence. Relatedly, the Plaintiff objects insofar as any response to this request will be entered in evidence as

support for the contention that the Plaintiff cannot produce evidence that did not exist as an initial matter, including irrelevant evidence because it is not a requisite element of any claim or defense. For the same reasons, this request impermissibly requires the Plaintiff to make legal conclusions. Accordingly, the Plaintiff cannot truthfully admit or deny this request insofar as its relevance to any claim or defense, cannot be proven through an admission, denial, or qualified denial. The Plaintiff objects to this request in that it intimates that either an affirmative or negative response is inappropriate, unlawful, untoward, nefarious, or otherwise improper. Plaintiff refuses to admit or deny on the basis of the foregoing objections.

10.     Admit that you never received a phone call, while physically present in the state of North Carolina, from the telephone number 866-444-9876.

**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this request in that it is harassing and argumentative. The Plaintiff objects to this request in that it is deceptively worded as a double-negative. The Plaintiff objects insofar as this request seeks disclosure of the contents of attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. The Plaintiff objects to this request in that it assumes facts not in evidence. Relatedly, the Plaintiff objects insofar as any response to this request will be entered in evidence as support for the contention that the Plaintiff cannot produce evidence that did not exist as an initial matter, including irrelevant evidence because it is not a requisite element of any claim or defense. For the same reasons, this request impermissibly requires the Plaintiff to make legal conclusions. Accordingly, the Plaintiff cannot truthfully admit or deny this request insofar as its relevance to

any claim or defense, cannot be proven through an admission, denial, or qualified denial. The Plaintiff objects to this request in that it intimates that either an affirmative or negative response is inappropriate, unlawful, untoward, nefarious, or otherwise improper. Plaintiff refuses to admit or deny on the basis of the foregoing objections.

11.    Admit that you never received a phone call, while physically present in the state of North Carolina, from the telephone number 855-643-4133.

**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this request in that it is harassing and argumentative. The Plaintiff objects to this request in that it is deceptively worded as a double-negative. The Plaintiff objects insofar as this request seeks disclosure of the contents of attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. The Plaintiff objects to this request in that it assumes facts not in evidence. Relatedly, the Plaintiff objects insofar as any response to this request will be entered in evidence as support for the contention that the Plaintiff cannot produce evidence that did not exist as an initial matter, including irrelevant evidence because it is not a requisite element of any claim or defense. For the same reasons, this request impermissibly requires the Plaintiff to make legal conclusions. Accordingly, the Plaintiff cannot truthfully admit or deny this request insofar as its relevance to any claim or defense, cannot be proven through an admission, denial, or qualified denial. The Plaintiff objects to this request in that it intimates that either an affirmative or negative response is inappropriate, unlawful, untoward, nefarious, or otherwise improper. Plaintiff refuses to admit or deny on the basis of the foregoing objections.

12.     Admit that you have no evidence demonstrating that you received a call from anyone connected with Sokolove Law named "Sean Martin."

**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this request in that it is harassing and argumentative. The Plaintiff objects to this request in that it is deceptively worded as a double-negative. The Plaintiff objects insofar as this request seeks disclosure of the contents of attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. The Plaintiff objects to this request in that it intimates that either an affirmative or negative response is inappropriate, unlawful, untoward, nefarious, or otherwise improper. Notwithstanding the foregoing, Denied.

13.     Admit that you have no evidence of any email from "Sean Martin."

**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this request in that it is harassing and argumentative. The Plaintiff objects to this request in that it is deceptively worded as a double-negative. The Plaintiff objects insofar as this request seeks disclosure of the contents of attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. The Plaintiff objects to this request in that it intimates that either an affirmative or negative response is inappropriate, unlawful, untoward, nefarious, or otherwise improper. Notwithstanding the foregoing, Denied.

14.     Admit that you have no evidence of any telephone call from Sokolove Law using 786-758-3380.

**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this request in that it is harassing and argumentative. The Plaintiff objects to this request in that it is deceptively worded as a double-negative. The Plaintiff objects insofar as this request seeks disclosure of the contents of attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Moreover, the Plaintiff objects insofar as it asks the Plaintiff to make a legal conclusion or make a response that is untethered to the law of the TCPA, including on the basis of common law and other TCPA-related vicarious liability principles and case law holding that a call can be placed through another entity or that another entity can be vicariously liable for a call, and as such, the request seeks information that is not relevant to any claim or defense, which cannot be proven through an admission, denial, or qualified denial. The Plaintiff objects to this request in that it intimates that either an affirmative or negative response is inappropriate, unlawful, untoward, nefarious, or otherwise improper. Plaintiff refuses to admit or deny on the basis of the foregoing objections.

15.     Admit that you have no evidence of any telephone call from Sokolove Law using 310-579-4443.

**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or

104

contacts at issue in this case. The Plaintiff objects to this request in that it is harassing and argumentative. The Plaintiff objects to this request in that it is deceptively worded as a double-negative. The Plaintiff objects insofar as this request seeks disclosure of the contents of attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Moreover, the Plaintiff objects insofar as it asks the Plaintiff to make a legal conclusion or make a response that is untethered to the law of the TCPA, including on the basis of common law and other TCPA-related vicarious liability principles and case law holding that a call can be placed through another entity or that another entity can be vicariously liable for a call, and as such, the request seeks information that is not relevant to any claim or defense, which cannot be proven through an admission, denial, or qualified denial. The Plaintiff objects to this request in that it intimates that either an affirmative or negative response is inappropriate, unlawful, untoward, nefarious, or otherwise improper. Plaintiff refuses to admit or deny on the basis of the foregoing objections.

16.     Admit that you have no evidence of any telephone call from Sokolove Law using 310-579-4443.

**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff objects to this request in that it is identical to request 15. The Plaintiff objects to this request in that it is harassing and argumentative. The Plaintiff objects to this request in that it is deceptively worded as a double-negative. The Plaintiff objects insofar as this request seeks disclosure of the contents of attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Moreover, the

Plaintiff objects insofar as it asks the Plaintiff to make a legal conclusion or make a response that is untethered to the law of the TCPA, including on the basis of common law and other TCPA-related vicarious liability principles and case law holding that a call can be placed through another entity or that another entity can be vicariously liable for a call, and as such, the request seeks information that is not relevant to any claim or defense, which cannot be proven through an admission, denial, or qualified denial. The Plaintiff objects to this request in that it intimates that either an affirmative or negative response is inappropriate, unlawful, untoward, nefarious, or otherwise improper. Plaintiff refuses to admit or deny on the basis of the foregoing objections.

17.     Admit that you did not request the do-not-call policy from Sokolove Law at the time you received the telephone calls alleged in your Complaint.

**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this request in that it is harassing and argumentative. Plaintiff objects to this request in that it assumes facts not in evidence. The Plaintiff objects to this request in that it is deceptively worded as a double-negative. The Plaintiff objects insofar as this request seeks disclosure of the contents of attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Moreover, the Plaintiff objects insofar as it asks the Plaintiff to make a legal conclusion or make a response that is untethered to the law of the TCPA, including on the basis of when a do not call request must be made and as such, the request seeks information that is not relevant to any claim or defense, which cannot be proven through an admission, denial, or qualified denial. The Plaintiff objects to this request in that it intimates that either an affirmative or negative response is

inappropriate, unlawful, untoward, nefarious, or otherwise improper. Plaintiff refuses to admit or deny on the basis of the foregoing objections.

18.     Admit that you did not request to be placed on Sokolove Law's do-not-call list.

**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this request in that it is harassing and argumentative. Plaintiff objects to this request in that it assumes facts not in evidence. The Plaintiff objects to this request in that it is deceptively worded as a double-negative. The Plaintiff objects insofar as this request seeks disclosure of the contents of attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Moreover, the Plaintiff objects insofar as it asks the Plaintiff to make a legal conclusion or make a response that is untethered to the law of the TCPA, including on the basis of when a do not call request must be made and as such, the request seeks information that is not relevant to any claim or defense, which cannot be proven through an admission, denial, or qualified denial. The Plaintiff objects to this request in that it intimates that either an affirmative or negative response is inappropriate, unlawful, untoward, nefarious, or otherwise improper. Plaintiff refuses to admit or deny on the basis of the foregoing objections.

19.     Admit that you have no evidence that Sokolove Law generated your telephone number through random or sequential number generation.

**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or

107

contacts at issue in this case. The Plaintiff objects to this request in that it is harassing and argumentative. The Plaintiff objects to this request in that it is deceptively worded as a double-negative. The Plaintiff objects insofar as this request seeks disclosure of the contents of attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. The Plaintiff objects to this request in that it assumes facts not in evidence. Relatedly, the Plaintiff objects insofar as any response to this request will be entered in evidence as support for the contention that the Plaintiff cannot produce evidence that has not yet been produced or which did not exist as an initial matter. For the same reasons, this request impermissibly requires the Plaintiff to make legal or expert conclusions, including of an evidentiary nature properly the subject of a judge and jury, of what constitutes "random or sequential number generation." Accordingly, the Plaintiff cannot truthfully admit or deny this request insofar as its relevance to any claim or defense, cannot be proven through an admission, denial, or qualified denial. The Plaintiff objects to this request in that it intimates that either an affirmative or negative response is inappropriate, unlawful, untoward, nefarious, or otherwise improper. Plaintiff refuses to admit or deny on the basis of the foregoing objections.

20.     Admit that you have no evidence that Sokolove Law called you 47 times using an automatic telephone dialing system.

**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this request in that it is harassing and argumentative. The Plaintiff objects to this request in that it is deceptively worded as a double-negative. The Plaintiff objects insofar as this request seeks disclosure of the contents of attorney-

client communications, common interest privilege, communications with experts, and/or trial preparation materials. The Plaintiff objects to this request in that it assumes facts not in evidence. Relatedly, the Plaintiff objects insofar as any response to this request will be entered in evidence as support for the contention that the Plaintiff cannot produce evidence that has not yet been produced or which did not exist as an initial matter. For the same reasons, this request impermissibly requires the Plaintiff to make legal or expert conclusions, including of an evidentiary nature properly the subject of a judge and jury, of what constitutes an "automatic telephone dialing system." Accordingly, the Plaintiff cannot truthfully admit or deny this request insofar as its relevance to any claim or defense, cannot be proven through an admission, denial, or qualified denial. The Plaintiff objects to this request in that it intimates that either an affirmative or negative response is inappropriate, unlawful, untoward, nefarious, or otherwise improper. Plaintiff refuses to admit or deny on the basis of the foregoing objections.

21.     Admit that you have no documents to support your claim that Sokolove Law violated the TCPA.

**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this request in that it is harassing and argumentative. The Plaintiff objects to this request in that it is deceptively worded as a double-negative. The Plaintiff objects insofar as this request seeks disclosure of the contents of attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. The Plaintiff objects to this request in that it assumes facts not in evidence. Relatedly, the Plaintiff objects insofar as any response to this request will be entered in evidence as

support for the contention that the Plaintiff cannot produce evidence that has not yet been produced or which did not exist as an initial matter. For the same reasons, this request impermissibly requires the Plaintiff to make legal or expert conclusions, including of an evidentiary nature properly the subject of a judge and jury, of what constitutes a document which supports the Plaintiff's claim. Accordingly, the Plaintiff cannot truthfully admit or deny this request insofar as its relevance to any claim or defense, cannot be proven through an admission, denial, or qualified denial. The Plaintiff objects to this request in that it intimates that either an affirmative or negative response is inappropriate, unlawful, untoward, nefarious, or otherwise improper. Plaintiff refuses to admit or deny on the basis of the foregoing objections.

22.    Admit that you have no documents to support your claim that Sokolove Law violated the North Carolina Telephone Solicitation Act ("NCTSA").

**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this request in that it is harassing and argumentative. The Plaintiff objects to this request in that it is deceptively worded as a double-negative. The Plaintiff objects insofar as this request seeks disclosure of the contents of attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. The Plaintiff objects to this request in that it assumes facts not in evidence. Relatedly, the Plaintiff objects insofar as any response to this request will be entered in evidence as support for the contention that the Plaintiff cannot produce evidence that has not yet been produced or which did not exist as an initial matter. For the same reasons, this request impermissibly requires the Plaintiff to make legal or expert conclusions, including of an evidentiary nature

110

properly the subject of a judge and jury, of what constitutes a document which supports the Plaintiff's claim. Accordingly, the Plaintiff cannot truthfully admit or deny this request insofar as its relevance to any claim or defense, cannot be proven through an admission, denial, or qualified denial. The Plaintiff objects to this request in that it intimates that either an affirmative or negative response is inappropriate, unlawful, untoward, nefarious, or otherwise improper. Plaintiff refuses to admit or deny on the basis of the foregoing objections.

23.     Admit that you have no evidence that you were ever in North Carolina when you allegedly received any telephone call from Sokolove Law.

**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this request in that it is harassing and argumentative. The Plaintiff objects to this request in that it is deceptively worded as a double-negative. The Plaintiff objects insofar as this request seeks disclosure of the contents of attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. The Plaintiff objects to this request in that it assumes facts not in evidence. Relatedly, the Plaintiff objects insofar as any response to this request will be entered in evidence as support for the contention that the Plaintiff cannot produce evidence that has not yet been produced or which did not exist as an initial matter. Moreover, this request is not relevant to any claim or defense as it is untethered to the language of any law or legal requirement. Accordingly, the Plaintiff cannot truthfully admit or deny this request insofar as its relevance to any claim or defense, cannot be proven through an admission, denial, or qualified denial. The Plaintiff objects to this request in that it intimates that either an affirmative or negative response is inappropriate,

111

unlawful, untoward, nefarious, or otherwise improper. Plaintiff refuses to admit or deny on the basis of the foregoing objections.

24.    Admit that you have no documents to support your claim for damages under the TCPA.

**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff objects insofar as this request is duplicative of Request 21. The Plaintiff objects to this request in that it is harassing and argumentative. The Plaintiff objects to this request in that it is deceptively worded as a double-negative. The Plaintiff objects insofar as this request seeks disclosure of the contents of attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. The Plaintiff objects to this request in that it assumes facts not in evidence. Relatedly, the Plaintiff objects insofar as any response to this request will be entered in evidence as support for the contention that the Plaintiff cannot produce evidence that has not yet been produced or which did not exist as an initial matter. For the same reasons, this request impermissibly requires the Plaintiff to make legal or expert conclusions, including of a damages assessment nature properly the subject of a judge and jury, of the Plaintiff's statutory and other damages provided by law. Accordingly, the Plaintiff cannot truthfully admit or deny this request insofar as its relevance to any claim or defense, cannot be proven through an admission, denial, or qualified denial. The Plaintiff objects to this request in that it intimates that either an affirmative or negative response is inappropriate, unlawful, untoward, nefarious, or otherwise improper. Plaintiff refuses to admit or deny on the basis of the foregoing objections.

25.     Admit that you have no documents to support your claim for damages under the

NCTSA.

**Response:** Plaintiff objects to the extent that the request is not relevant to any party's

claim or defense or proportional to the needs of the case other than the telephone numbers or

contacts at issue in this case. Plaintiff objects insofar as this request is duplicative of Request 21.

The Plaintiff objects to this request in that it is harassing and argumentative. The Plaintiff objects

to this request in that it is deceptively worded as a double-negative. The Plaintiff objects insofar

as this request seeks disclosure of the contents of attorney-client communications, common

interest privilege, communications with experts, and/or trial preparation materials. The Plaintiff

objects to this request in that it assumes facts not in evidence. Relatedly, the Plaintiff objects

insofar as any response to this request will be entered in evidence as support for the contention that

the Plaintiff cannot produce evidence that has not yet been produced or which did not exist as an

initial matter. For the same reasons, this request impermissibly requires the Plaintiff to make

legal or expert conclusions, including of a damages assessment nature properly the subject of a

judge and jury, of the Plaintiff's statutory and other damages provided by law. Accordingly, the

Plaintiff cannot truthfully admit or deny this request insofar as its relevance to any claim or

defense, cannot be proven through an admission, denial, or qualified denial. The Plaintiff objects to

this request in that it intimates that either an affirmative or negative response is inappropriate,

unlawful, untoward, nefarious, or otherwise improper. Plaintiff refuses to admit or deny on the

basis of the foregoing objections.

        RESPECTFULLY SUBMITTED AND DATED this March 10, 2025

                        _/s/ Andrew Roman Perrong___
                        Andrew Roman Perrong, Esq.

*Pro Hac Vice*
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2025, a copy of the foregoing was served electronically

on counsel for the Defendants via e-mail at Virginia.Flynn@troutman.com,

Chad.Fuller@troutman.com, Brooke.Conkle@troutman.com, and

Christine.Nowland@troutman.com

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.

114