# EXHIBIT C

Troutman Pepper Locke LLP
301 S. College Street, 34th Floor
Charlotte, NC 28202

troutman.com



**Virginia B. Flynn**
D 704.916.1509
F 704.998.4051
virginia.flynn@troutman.com

April 10, 2025

**VIA EMAIL**

Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
a@perronglaw.com

Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street
Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com

Re: *Craig Cunningham v. Wallace & Graham, P.C., Mona Lisa Wallace, Bill Graham, Whitney Wallace Williams, Mark P. Doby, Rhine Law Firm, P.C., Joel R. Rhine, and Sokolove Law, LLC*
    **Case No. 24-cv-221 (M.D.N.C.)**
    **Request for Meet and Confer**

Dear Counsel:

Troutman Pepper Locke represents the Defendants in the above-referenced matter. After reviewing Plaintiff Craig Cunningham's ("Plaintiff") objections and responses to Defendant Sokolove Law, LLC's ("Sokolove") discovery requests, particularly the responses to the Requests for Admission, we have identified a number of deficiencies. We are sending this letter in a good faith effort to resolve these deficiencies without involving the Court. <u>We request your availability to meet and confer regarding these deficiencies on or before April 21, 2025</u>.

<u>Preliminary Issues with Plaintiff's Responses</u>

Plaintiff has supplied purported responses to written discovery, but the majority of these responses contain only objections—there are no actual answers provided therein. Beyond objections, Plaintiff makes additional allegations that exceed the bounds of his Complaint in his responses to Sokolove's Interrogatories. Particularly, Plaintiff claims that "some of the calls threatened the Plaintiff with physical harm and arrest" and that Plaintiff "continues to receive calls



by or on behalf of Defendants and their agents[.]" These allegations appear nowhere in the Complaint and Sokolove demands proof of these new accusations.

Although Sokolove is only addressing the most egregious of the responses to discovery at this time, Defendants reserve the right to address further deficiencies in Plaintiff's Responses to Interrogatories and Requests for Production of Documents at a later date, given that Plaintiff's document production is not complete.

### Deficiencies in Plaintiff's Responses to Sokolove's Requests for Admission

At the outset, Sokolove Law served Plaintiff with twenty-five (25) Requests for Admission. Plaintiff only responded to six (6) of these Requests and refused to provide any response whatsoever for nineteen (19) of the Requests. "[T]he sanction for failure to respond to a request for admission is self executing." *Precision Franchising, LLC v. Gatej*, No. 1:12-cv-158, 2012 WL 6161223, at *5 (E.D. Va. Dec. 11, 2012) (internal citations omitted); *see also Whitehead v. Honeycutt*, No. 1:18-cv-00196, 2019 U.S. Dist. LEXIS 198591, at *7-8 (W.D.N.C. Nov. 14, 2019) ("A matter is deemed admitted if a party fails to respond to a request for admission within 30 days.").

Admissions obtained under Rule 36, including those matters deemed admitted by a party's failure to respond to a request for admission, are binding. "Once a matter that is properly subject of an admission under Rule 36(b) has been admitted during discovery, the district court is not free to disregard that admission." *Stanley v. Gaston Cty. HHS*, No. 3:15-cv-00551, 2017 U.S. Dist. LEXIS 19221, at *3 (W.D.N.C. Feb. 10, 2017) (quoting *Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 173 (4th Cir. 2005)). Accordingly, Plaintiff's failure to respond to Sokolove's Requests for Admissions results in the Requests being deemed admitted.

While we send this letter in a good faith effort to resolve these deficiencies, should Plaintiff refuse to provide substantive responses for Sokolove's Requests for Admission, Sokolove will move the Court to deem these requests admitted pursuant to Federal Rule of Civil Procedure 36(a)(3).

The nineteen responses at issue are more thoroughly identified below.

<u>Requests for Admission Nos. 3, 5, 6</u>

Sokolove requested that Plaintiff admit various facts related to his use of telephone numbers, including:

- That in the calendar year 2023, Plaintiff had more than 10 cellular numbers assigned to him (Request No. 3);

- That the primary purpose of Plaintiff's use of the -1977 Number was to receive calls that Plaintiff alleges were violations of the law (Request No. 5); and



- That the -1977 Number was a business phone line (Request No. 6).

These Requests should not have been controversial or subject to any refusal to answer where Plaintiff has filed numerous Complaints in federal courts alleging that he has received unsolicited contacts on various telephone numbers. Further, the backbone of Plaintiff's Complaint is his allegations related to the -1977 Number and, accordingly, these Requests are within the proper scope of discovery. Despite this, Plaintiff refused to provide any response whatsoever. The failure to respond is improper because Plaintiff has not provided any reason why he is unable to admit or deny the Requests. These responses must be revised.

Requests for Admission Nos. 8, 9, 10, 11, 23

Sokolove further requested that Plaintiff admit various facts related to Plaintiff's claim that he is a North Carolina telephone subscriber, including:

- That he never received a phone call, while physically present in the state of North Carolina, from the telephone number 786-758-3380 (Request No. 8);

- That he never received a phone call, while physically present in the state of North Carolina, from the telephone number 310-579-4443 (Request No. 9);

- That he never received a phone call, while physically present in the state of North Carolina, from the telephone number 866-444-9876 (Request No. 10);

- That he never received a phone call, while physically present in the state of North Carolina, from the telephone number 855-643-4133 (Request No. 11); and

- That he has no evidence that he was ever in North Carolina when he allegedly received any telephone call from Sokolove Law (Request No. 23).

Again, these Requests should not have been controversial or subject to any refusal to answer where Plaintiff has filed a Complaint in the Middle District of North Carolina, alleging that he is entitled to the protections of the North Carolina Telephone Solicitations Act ("NCTSA"). To succeed on a claim for violations of the NCTSA, Plaintiff must establish that he is a North Carolina telephone subscriber. *See* N.C. Gen. Laws § 75-102(n). Despite this, Plaintiff refused to provide any substantive response for these five Requests for Admission. Plaintiff's failure to respond is improper because he has not provided any substantive response or, further, any reason why he is unable to admit or deny the Requests. These responses must be revised.

Requests for Admission Nos. 14, 15, 16, 17, 18

Sokolove also requested that Plaintiff admit various facts related to calls Plaintiff allegedly received from Sokolove Law, including:



- That he has no evidence of any telephone call from Sokolove Law using 786-758-3380 (Request No. 14);

- That he has no evidence of any telephone call from Sokolove Law using 310-579-4443 (Request No. 15);

- That he has no evidence of any telephone call from Sokolove Law using 310-579-4443 (Request No. 16);

- That he did not request the do-not-call policy from Sokolove Law at the time you received the telephone calls alleged in your Complaint (Request No. 17); and

- That he did not request to be placed on Sokolove Law's do-not-call list (Request No. 18).

Again, these Requests should not have been controversial or subject to any refusal to answer where Plaintiff alleges in his Complaint that he received calls from "caller ID 786-758-3380" (Compl. ¶¶ 36, 46, 48, 54) and calls from "310-579-4443" (Compl. ¶ 47, 49, 53). Plaintiff further alleges in his Complaint that Sokolove violated the TCPA by "calling Plaintiff without having a Do-Not-Call policy in place," (Compl. ¶ 90), by "refusing to record a do-not-call request" (Compl. ¶ 90), and otherwise failed "to have a written Do-Not-Call policy" (Compl. ¶ 89). Plaintiff alleges in his Complaint that Sokolove violated the NCTSA by calling Plaintiff "after the Plaintiff indicated he did not want to be contacted" (Compl. ¶ 97). Plaintiff drew these legal conclusions in his causes of action, but did not allege in his Complaint that he requested the do-not-call policy from Sokolove or request to be placed on Sokolove's do-not-call list.

To support his causes of action, Plaintiff must produce evidence that he received these calls, that these calls were placed by Sokolove, and that Sokolove refused to place Plaintiff on its do-not-call list or to provide its do-not-call policy to Plaintiff. Despite this, Plaintiff refused to admit or deny any of these five Requests for Admission. The failure to respond is improper because Plaintiff has not provided any reason why he is unable to admit or deny the Requests. These responses must be revised.

<u>Requests for Admission Nos. 19, 20, 21, 22, 24, 25</u>

Sokolove also requested that Plaintiff admit various facts related to his legal claims against Sokolove, including:

- That he has no evidence that Sokolove Law generated his telephone number through random or sequential number generation (Request No. 19);

- That he has no evidence that Sokolove Law called him 47 times using an automatic telephone dialing system (Request No. 20);



- That he has no documents to support his claim that Sokolove Law violated the TCPA (Request No. 21);

- That he has no documents to support his claim that Sokolove Law violated the North Carolina Telephone Solicitation Act (Request No. 22);

- That he has no documents to support his claim for damages under the TCPA (Request No. 24); and

- That he has no documents to support his claim for damages under the NCTSA (Request No. 25).

These Requests should not have been controversial or subject to any refusal to answer where the Requests relate directly to Plaintiff's allegations in his Complaint. Specifically, Plaintiff alleges:

- Defendants made "numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls and sending messages, except for emergency purposes, to the telephone number of Plaintiff using an ATDS." (Compl. ¶ 84).

- "Plaintiff is entitled to an award of $500 in damages for each and every call made to his telephone number for which he is charged for the call using an ATDS in violation of the statute[.]" (Compl. ¶ 85).

- "By placing at least 47 telemarketing calls/messages to the Plaintiff . . . Defendants, jointly and severally, violated 47 U.S.C. § 227(c)(5) by violating the implementing regulations codified in 47 C.F.R. § 64.1200(d)(1), (2), (3), and (4)." (Compl. ¶ 89).

- "This amounts to 141 violations since Defendants committed four violations per call . . . Plaintiff is entitled to an award of $500 in damages for each and every call and violation made to his telephone number in violation of the TCPA's implementing regulations…Defendants' violations were knowing and/or willful. Accordingly, the Plaintiff seeks up to treble damages of the $500 per violation." (Compl. ¶¶ 90, 92, 94).

- "By placing at least 47 telemarketing calls/messages to the Plaintiff, Defendants violated multiple portions of the North Carolina Telephone Solicitations Act . . . This amounts to 329 violations since Defendants committed seven violations per call . . . Plaintiff is entitled to and does seek an award of $500 in damages for the first violation, $1,000 for the second violation, and $5,000 for the third and subsequent violation[.]" (Compl. ¶¶ 96, 98, 100).

To support his causes of action, Plaintiff must produce evidence that he received these calls, that Sokolove placed these calls with the use of an automatic telephone dialing system, that Sokolove violated the TCPA, and that Sokolove violated the NCTSA. Despite this, Plaintiff refused to admit or deny any of these six Requests for Admission. Plaintiff's failure to respond is improper because



Plaintiff has not provided any substantive response or, further, any reason why he is unable to admit or deny the Requests. These responses must be revised.

We are sending this letter in a good-faith effort to resolve this dispute without court action. However, Sokolove reserves all rights to seek the Court's intervention should Plaintiff refuse to address these deficiencies and revise his responses.

Please contact us if you have any questions.

Very truly yours,

Virginia Bell Flynn

cc:     Chad R. Fuller
        Brooke K. Conkle