IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No: 1:24-CV-00221

| | |
|---|---|
| CRAIG CUNNINGHAM,<br><br>*Plaintiff*,<br><br>v.<br><br>WALLACE & GRAHAM, P.C., MONA LISA WALLACE, BILL GRAHAM, WHITNEY WALLACE WILLIAMS, MARK P. DOBY, RHINE LAW FIRM, P.C., JOEL R. RHINE, SOKOLOVE LAW, LLC,<br><br>*Defendants*.<br><br>SOKOLOVE LAW, LLC,<br><br>*Cross-Plaintiff*,<br><br>v.<br><br>BRENT NILS CUSHMAN and BLAZEN MEDIA, LLC,<br><br>*Third-Party Defendants*. | DEFENDANT AND THIRD-PARTY PLAINTIFF SOKOLOVE LAW, LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL |

Defendant and Third-Party Plaintiff Sokolove Law, LLC ("Sokolove"), by counsel, pursuant to Federal Rules of Civil Procedure 36 and 37, respectfully submits its Memorandum in Support of its Motion to Compel and states as follows:

## INTRODUCTION

Sokolove is entitled to an order of this Court directing Plaintiff Craig Cunningham ("Plaintiff") to provide responses to Sokolove's Requests for Admissions (the "Requests").

Sokolove served twenty-five (25) Requests on Plaintiff in January. Plaintiff refused to admit or deny virtually all of those Requests, claiming that the Requests were harassing or sought irrelevant information.

Yet each of the Requests sought admissions related to Plaintiff's claims in the Complaint – that he is a residential telephone subscriber for a telephone number ending in -1977 (the "-1977 Number"), that he received telephone calls from Sokolove at specified telephone numbers (despite the fact that Sokolove has no connection with those phone numbers), and that he can support his claims for damages under the Telephone Consumer Protection Act ("TCPA") or the North Carolina Telephone Solicitation Act ("NCTSA"). Though Plaintiff has agreed to provide qualified responses for some of the Requests, after meeting and conferring, he has declined to provide responses for various other Requests. Sokolove seeks the Court's intervention for full and complete responses.[1]

## BACKGROUND

On January 31, 2025, Sokolove served discovery requests on Plaintiff, including Requests for Admissions (collectively, the "Requests"). *See* Requests, attached hereto as **Exhibit A**. On March 10, 2025, Plaintiff served responses to the Requests. *See* Responses, excerpted to solely Plaintiff's responses to Sokolove's Requests for Admission, attached

---

[1] Plaintiff has agreed to sit for his deposition on May 23, 2025, necessitating full and complete responses to Sokolove's Requests before that date. There are also concerns regarding Plaintiff's availability to provide information before May 23, as Plaintiff is subject to a show cause order in the Northern District of Georgia, scheduled for hearing on May 19, 2025, with remedies including incarceration. *See Cunningham v. Jordan, et al.*, No. 1:22-cv-01419, Dkt. No. 83 (N.D. Ga.).

hereto as **Exhibit B**. Of Sokolove's twenty-five (25) Requests for Admission, Plaintiff only responded to six (6) and refused to provide an admission or denial for the remaining nineteen (19).

On April 10, 2025, Sokolove provided a letter to Plaintiff detailing its concerns with Plaintiff's failure to provide an admission or denial of the Requests, requesting availability to meet and confer on or before April 21, 2025. *See* April 10, 2025 Letter, attached hereto as **Exhibit C**. The parties met and conferred on May 1, 2025. At that time, Plaintiff's counsel agreed to provide qualified responses for some of the Requests.

The below requests remain outstanding, grouped by category:

Requests for Admission No. 5 (the "-1977 Number Requests")

Sokolove requested that Plaintiff admit various facts related to his use of telephone numbers, including:

- That the primary purpose of Plaintiff's use of the -1977 Number was to receive calls that Plaintiff alleges were violations of the law (Request No. 5).

The -1977 Number Requests sought information about Plaintiff's allegations in the Complaint that his telephone number is a "residential cellular telephone number," (ECF No. 1 at ¶ 24), used for "personal, residential, and household reasons," (*id.* at ¶ 25), and "not associated with a business." (*Id.* at ¶ 28.)

Requests for Admission Nos. 14, 15 (the "Telephone Calls Requests")

Sokolove also requested that Plaintiff admit various facts related to calls Plaintiff allegedly received from Sokolove Law, including:

- That he has no evidence of any telephone call from Sokolove Law using 786-758-3380 (Request No. 14); and

- That he has no evidence of any telephone call from Sokolove Law using 310-579-4443 (Request No. 15).

The Telephone Calls Requests sought information about Plaintiff's allegations in the Complaint that he received calls from "caller ID 786-758-3380" (ECF No. at ¶¶ 36, 46, 48, 54) and calls from "310-579-4443" (*id.* at ¶ 47, 49, 53), neither of which are Sokolove telephone numbers.

Requests for Admission Nos. 19, 20, 21, 22, 24, 25 (the "Evidentiary Requests")

Sokolove also requested that Plaintiff admit various facts related to his legal claims against Sokolove, including:

- That he has no evidence that Sokolove Law generated his telephone number through random or sequential number generation (Request No. 19);

- That he has no evidence that Sokolove Law called him 47 times using an automatic telephone dialing system (Request No. 20);

- That he has no documents to support his claim that Sokolove Law violated the TCPA (Request No. 21);

- That he has no documents to support his claim that Sokolove Law violated the North Carolina Telephone Solicitation Act (Request No. 22);

- That he has no documents to support his claim for damages under the TCPA (Request No. 24); and

- That he has no documents to support his claim for damages under the NCTSA (Request No. 25).

The Evidentiary Requests related to Plaintiff's allegations in the Complaint that Sokolove violated the TCPA by using an automatic telephone dialing system (ECF No. 1 at ¶¶ 84, 90, 92, 94) and his allegations that he is entitled to damages under the TCPA and the NCTSA (*id.* at ¶¶ 96, 98, 100).

Plaintiff objected to each Request and refused to admit or deny each, objecting on the basis that the Requests were "not relevant to any party's claim or defense," "harassing and argumentative," that the Requests "ask[ed] the Plaintiff to make a legal conclusion," that the Requests were "deceptively worded as a double-negative," "intimate[d] that either ran affirmative or negative response is inappropriate, unlawful, untoward, nefarious, or otherwise improper," and sought information subject to the attorney-client or common interest privilege. *See* Ex. B.

## ARGUMENT

I. **Legal standard.**

"The purpose of discovery is to provide a mechanism for making relevant information available to the litigants." *ATI Indus. Automation, Inc. v. Applied Robotics, Inc.*, No. 1:09-cv-471, 2014 WL 3729408, at *1 (M.D.N.C. July 25, 2014) (quoting Fed. R. Civ. P. 26 Advisory Committee Note, 1983 amend.). "Accordingly, under the Federal Rules of Civil Procedure, unless otherwise limited by court order parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." *Id.* (quoting Fed. R. Civ. P. 26(b)(1)) (internal quotation marks omitted).

In the context of requests for admissions, "the requesting party may move to determine the sufficiency of an answer or objection." *Id.* (citing Fed. R. Civ. P. 36(a)(6)) (internal quotation marks omitted). "District judges and magistrate judges in the Fourth Circuit (including members of this Court) have repeatedly ruled that the party or person resisting discovery, not the party moving to compel discovery, bears the burden of

5

Case 1:24-cv-00221-TDS-LPA    Document 34    Filed 05/02/25    Page 5 of 10

persuasion." *Id.* (citing *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 243-44 (M.D.N.C. 2010)).

## II. Sokolove is entitled to an answer for its Requests.

Rule 36 requires Plaintiff to respond to the Requests or "state in detail why [he] cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). Where requests for admission seek relevant information, broad objections that a request is "oppressive and irrelevant" or "confusing, misleading, or likely to result in [a] waste of time" are "not adequate to voice a successful objection." *Wagner v. St. Paul Fire & Marine Ins. Co.*, 238 F.R.D. 418, 424 (N.D.W. Va. 2006) (internal citations omitted).

Each category of Requests that Plaintiff refused to respond to sought relevant information: the Number Requests sought information related to Plaintiff's allegation that he solely uses the -1977 Number for personal purposes and that it is not associated with a business; the Telephone Calls Requests sought information on Plaintiff's allegations that he received calls from Sokolove at certain telephone numbers even though Sokolove (or any other Defendant) has no connection with those telephone numbers; and the Evidentiary Requests sought information on Plaintiff's contention that he can support his claims with documentary evidence, including evidence that Sokolove randomly or sequentially generated his telephone number, rather than relying on the information Plaintiff provided, and that Plaintiff has documentary evidence of the damages to which he claims entitlement.

The Requests are unquestionably relevant, do not solicit responses that are "inappropriate, unlawful, untoward, nefarious, or otherwise improper" and are not "harassing or argumentative." Plaintiff has not proffered any objection that explains why

6

the Requests are "trick questions" that require him to admit irrelevant facts. Nor has he offered any justification why he cannot truthfully admit or deny the Requests. Accordingly, the Court should compel responses from Plaintiff for each Request that he has refused to answer.

**III.     Alternatively, each Request should be deemed admitted.**

In the alternative, the Court should deem admitted each of the Requests which Plaintiff has refused to provide an answer. "[T]he sanction for failure to respond to a request for admission is self executing." *Precision Franchising, LLC v. Gatej*, No. 1:12-cv-158, 2012 WL 6161223, at *5 (E.D. Va. Dec. 11, 2012) (internal citations omitted); *see also Whitehead v. Honeycutt*, No. 1:18-cv-00196, 2019 WL 6312431, at *3 (W.D.N.C. Nov. 14, 2019) ("A matter is deemed admitted if a party fails to respond to a request for admission within 30 days."). And, pursuant to Rule 37(a)(4), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."

Plaintiff's objections to Sokolove's Requests were neither adequate nor based on a legitimate problem with the Requests. Rather, the objections were an effort to stave off harmful admissions for Plaintiff's case. This is precisely the "failure to disclose, answer, or respond" contemplated by Rule 37(a)(4). Without a timely response in thirty days, the Court should deem Plaintiff to have admitted each of the Requests.

## CONCLUSION

WHEREFORE, Defendant Sokolove Law, LLC respectfully requests that the Court grant its Motion, require Plaintiff to provide responses to Requests for Admission 5, 14,

7

Case 1:24-cv-00221-TDS-LPA     Document 34     Filed 05/02/25     Page 7 of 10

15, 19, 20, 21, 22, 24, and 25 or, in the alternative, deem each of these Requests admitted, and award Sokolove its costs and fees pursuant to Rule 37(a)(5).

DATED: May 2, 2025

**SOKOLOVE LAW, LLC**

By: */s/ Virginia Bell Flynn*
Virginia Bell Flynn (N.C. State Bar No. 59109)
TROUTMAN PEPPER LOCKE LLP
301 South College Street, Suite 3400
Charlotte, North Carolina 28202
Telephone: 704-916-1509
Facsimile: 704-998-4051
Email: Virginia.Flynn@troutman.com

*Counsel for Defendants*

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for both parties engaged in a personal consultation and diligent attempts to resolve the differences between the parties, including letter and email exchanges throughout the month of April and a telephone conference on May 1, 2025 at 1:30 p.m. At the telephone conference on May 1, Andrew Perrong appeared for Plaintiff and Brooke Conkle appeared for Defendant Sokolove Law. During the conference and confirmed in writing following the conference, counsel for Plaintiff represented that Plaintiff would stand on his objections regarding Requests No. 5, 14-16, 19-22, and 24-25 and that Plaintiff would provide qualified responses to Requests 3, 6, 8-11, 17-18, and 23 by May 7.

Counsel for the parties discussed expedited resolution of discovery disputes under Local Rule 37.1(b). Counsel for Plaintiff did not agree to a telephone conference and stated that the dispute would likely be resolved with an in-court hearing of no more than one hour.

By: */s/ Virginia Bell Flynn*

## CERTIFICATE OF WORD COUNT

I hereby certify that the word count of this brief does not exceed 6,250 words.

By: */s/ Virginia Bell Flynn*

9

Case 1:24-cv-00221-TDS-LPA   Document 34   Filed 05/02/25   Page 9 of 10

# CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of May 2025, I electronically filed the foregoing *Memorandum of Law in Support of Defendant Sokolove Law, LLC's Motion to Compel* with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

By: */s/ Virginia Bell Flynn*
Virginia Bell Flynn